[No. 20,057. In Bank.—March 21, 1885.]

THE PEOPLE, RESPONDENT, *v.* TERRANCE FAGAN, APPELLANT.

CRIMINAL LAW—LARCENY—POSSESSION OF STOLEN PROPERTY.—The possession of property recently stolen is not of itself sufficient to justify a conviction for larceny, but is a circumstance to be considered, in connection with other suspicious facts, in determining the guilt or innocence of the defendant.

ID.—POSSESSION OF PORTION OF STOLEN PROPERTY—PRESUMPTION.—If the jury is satisfied that the defendant stole so much of the property stolen as was found in his possession, then they may presume that all the property stolen at the same time and place was stolen by the defendant, unless there is some fact or circumstance tending to show the contrary.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*C. B. Darwin, H. G. Platt,* and *D. J. Murphy,* for Appellant.

*Attorney General Marshall,* for Respondent.

The COURT.—The court, in effect, charged the jury that if the property which the defendants were charged with having stolen was found in their possession, soon after it was stolen, it was a circumstance tending to show their guilt, and that they were bound to explain the possession in order to remove the effect of it; and that such possession was a circumstance to be considered, in connection with other suspicious facts and circumstances which might have been shown in the case; and that if the jury found that a part of the property was found in the possession of the defendants, and that they had failed to explain to the entire satisfaction of the jury how the defendants became possessed of it, that might be taken into consideration with all the other facts and circumstances, as tending to show their guilt. And if the jury believed that the property described in the indictment was stolen, and that a part of it was afterwards found in the possession of the defendants, the jury were authorized to presume that all the property which they found to have been stolen was taken at the same time and place as that part which was found in the possession of the defendants.

We think the jury must have understood the court to mean that if the defendants were found in possession of any part of the property described in the indictment soon after such property was stolen, such possession, unless satisfactorily explained, was a circumstance to be considered, in connection with other suspicious facts, in determining their guilt or innocence. The

charge, taken as a whole, would not, we think, convey to the jury the idea that the possession of stolen goods unexplained would, of itself, be sufficient to justify a conviction.

If the jury were satisfied that the defendants stole so much of the stolen property as was found in their possession, then the jury might presume that all the property stolen at the same time and place was stolen by the defendants, unless there was some fact or circumstance tending to show that it was not.

The defendants did not request the court to further instruct the jury on these questions, or as to the rules applicable to circumstantial evidence. In the absence of such a request, we think the failure to further instruct the jury does not constitute an error for which the judgment should be reversed. As we construe the charge, it is not substantially erroneous.

Judgment and order affirmed.