## PEOPLE v. BLOCK.

*(Supreme Court, General Term, First Department. June 26, 1891.)*

1. BURGLARY—EVIDENCE—PROOF OF BREAKING.

   On an indictment for burglary, evidence that the door of the place alleged to have been entered was provided with a staple and a padlock, and that, when complainant came to the place after the alleged burglary, the staple was broken, was sufficient evidence that the door had been fastened.

2. LARCENY—EVIDENCE—POSSESSION OF GOODS.

   The unexplained possession by defendant of the box and wrapper in which stolen goods had been packed is evidence connecting defendant with the larceny, equal in probative force to possession of the stolen goods.

Appeal from court of general sessions, New York county.

Pincus Block was convicted of petit larceny, and appeals.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Levy, Friend & House*, (*Frederick B. House*, of counsel,) for appellant. *De Lancey Nicoll*, Dist. Atty., (*McKenzie Semple*, Asst. Dist. Atty., of counsel,) for the People.

VAN BRUNT, P. J. The defendant was tried upon an indictment charging him, jointly with one Isaac Cohen and one Michael Smith, with burglary in the third degree, grand larceny in the second degree, and with receiving stolen goods. It appeared upon the trial that one Jacob Schatzenberg was a cloak-maker, carrying on business in Sheriff street, in this city. Prior to the time of the alleged burglary he had received from the Manhattan Suit Company material for 23 cloaks, which he was to make up, and a quantity of trimming. The cloaks were charged to him at $316, and the trimmings at $15. On the 14th day of September he left his shop at half past 5 o'clock, leaving a man named Ericum Plusser therein. The door was fastened with a padlock, and there was a staple on each side, into which the padlock locked. The 15th was a Jewish holiday, and the complainant did not go to his shop in the morning, and Plusser had the key to the padlock on that day. In the afternoon Schatzenberg went to the shop, and found that the door had been broken open, and the cloaks and trimmings gone. There was also missing a piece of cloth, used as a skirt for draping a lay figure. Plusser remained with Schatzenberg from Monday until Friday following, and has not been seen since. Complaint having been made to the police, Smith was arrested, and taken by the officer to a suite of apartments at No. 117 East Fourth street. The rooms run right through from front to rear, and are connected by open doors. At the time of the visit to the apartment there were three women and two men there, one of whom was Block. It would appear that three of the rooms were occupied by the other man and a woman, who passed as his wife, and the fourth was occupied by Block. Under the bed in this room was found a box, which Smith said in Block's presence was the box which had contained some of the stolen goods, and behind a screen in the fire-place of the adjoining room was found a skirt, in respect to which Smith said, "We had the goods wrapped up in that when we brought them here," to

which Block made no reply. The room in which the skirt was found was stated not to have been occupied by Block. Smith also said, in Block's presence, "That is the man that took the pawn-tickets for the goods that were pawned." Block's trunks were searched, and some pawn-tickets found, but none of them had any relation to the stolen goods. Block denied all knowledge of the burglary and larceny. The complainant testified that the skirt found was the same skirt which had been used to drape the lay figures in his shop. He also stated that all lay figures had skirts exactly like that. He also testified that the box found was the box in which the trimmings had been contained, and that he identified it by the figure 3 upon it, and that he had four or five boxes in his place like it, and that when he got through with the boxes he did not keep them, but destroyed them, or threw them away. One cloak was found in a pawn-shop, on information given by Smith, and no other of the stolen property was recovered. At the close of the people's case, defendant's counsel moved the court to direct an acquittal, and to the denial of that motion an exception was taken. The case was submitted to the jury upon the counts for burglary and grand larceny. A verdict of guilty of petit larceny was returned, a motion for new trial was denied, and judgment rendered, and from such judgment this appeal is taken.

The appellant's counsel claims that it was error to submit to the jury the count for burglary, in that it was fatally defective in alleging the breaking and entering of the "factory" of one Jacob Schatzenberg; and it is urged that a "factory" is not a railway car, vessel, booth, tent, or shop, or other erection or inclosure. No point was made in respect to this at the time of the trial, and we fail to see why, under the ordinary definition of the word "factory," it does not come within the term "other erection," at least. It is further urged that the evidence fails to show that the door was fastened or even closed. But it appears that when the complainant arrived at the shop he found the staple had been broken, and the door evidently forced; which was some evidence that force had been used for the purpose of entering the factory. The claim that the evidence was not sufficient to warrant any verdict whatever against the prisoner is unavailing. It is true that no part of the stolen property was found in his possession; but the box in which some portion of the stolen property was packed was found in his possession, and not the slightest explanation given as to how it came there. It would seem that this evidence was of equal dignity as though some portion of the stolen property had been found. It certainly had equal probative force. He had the wrapper in which the stolen property had been inclosed, and that brought him into very close relations with the property itself. The point in regard to exclusive control is only a relative one. He had this box hid under his bed, not open and exposed, as probably would have been the case had he come honestly by it. We have read the charge of the learned court, and we do not see that he in any way infringed the rights of the defendant, or that there was any miscarriage of justice in the conviction, except, perhaps, in the low degree of crime of which the defendant was found guilty. The conviction should be affirmed. All concur.