### H. M. CLARK v. THE STATE.

*No. 3896.    Decided November 28.*

1. **Theft—Accomplice Testimony—Charge of Court.**—Where on a trial for the theft of a horse, in which the principal State's evidence consisted in the testimony of an accomplice, and the court instructed the jury, "If you should believe from the evidence that the witness Jim Camp is an accomplice, as an 'accomplice' is defined herein, in that event before you can convict defendant you must believe that said witness has been corroborated; and if the facts and circumstances in evidence taken together leave you with reasonable doubt as to the guilt of the defendant, you will return a verdict of guilty; otherwise, not guilty;" *held*, that the latter portion of said charge is fundamentally erroneous.

2. **Same—Possession of Recently Stolen Property.**—Where the accomplice's testimony disclosed that he did not see the stolen horse with the bunch of horses driven by defendant and others; did not see defendant brand any of the alleged owner's horses, and never heard defendant claim said horses, *held*, that under such state of facts the court should have given the special requested instruction asked in behalf of defendant, as follows: "Before the jury are authorized to convict defendant of theft of property recently stolen, from the fact that the stolen property was in defendant's possession (if it was ever in his possession), the possession must be recent, it must be personal, and there must be a conscious assertion of claim to said property; if you have a reasonable doubt of this, you will acquit the defendant."

APPEAL from the District Court of Jones.    Tried below before Hon. J. V. Cockrell.

Appellant was indicted, tried, and convicted for theft of a horse, his punishment being assessed at seven years in the penitentiary.

*C. P. Woodruff* and *Cockrell, Cockrell & Gillett*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State, confessed error on that portion of the charge of the court quoted in the first paragraph of the syllabus, and copied in the opinion of the court.

HURT, JUDGE.—This is a conviction for theft of a horse, the property of G. H. Brackett.

The judgment must be reversed because of the following erroneous charge: "If you should believe from the evidence that the witness Jim Camp is an accomplice, as an 'accomplice' is defined herein, in

that event before you can convict the defendant you must believe that said witness has been corroborated; and if the facts and circumstances in evidence taken together leave you with reasonable doubt as to the guilt of the defendant, you will return a verdict of guilty; otherwise, not guilty." This charge is contained in the ninth paragraph of the general charge, and that paragraph was complained of in the motion for a new trial. The Assistant Attorney-General concedes the error, and also its fatal character.

We desire to make some observations on the evidence. We are of opinion that Camp was an accomplice. The question is, was he corroborated? A. P. Camp, the father of the accomplice, states that "On last Sunday evening defendant came to my house and hallooed. I asked him down. He came in, and after the compliments of the day were passed, told me that he had come over to compromise that matter, and asked me to see if I could not get my wife and Jim to hold up on him. I told him I did not know what I could do; I did not know how I could do it. He said I could put him on a horse and run him out of the country. I told him I would not do that. He then said if I did not there would be serious trouble."

Do these facts corroborate the accomplice? To be corroborative the evidence must tend directly and immediately, not merely remotely, to connect the defendant with the commission of the offense—that is, the crime for which he has been convicted. Now, if there were. no other crimes charged, or which might be charged, against the defendant, then the above conduct of the defendant might, with reasonable certainty, be attributed to the theft of Brackett's horse. But if there were other offenses alleged against defendant, or if he was apprehensive of other prosecutions, then his conduct would have no certain tendency. It would be remote. It would not possess that certainty of connection with the theft of Brackett's horse which is required by the statute to be corroborative of the testimony of an accomplice.

Under the facts of this case the requested charge should have been given. Camp did not see any of Brackett's horses among the bunch of five or six horses driven up by Williams, Farris, Early, and defendant. If so, he did not state it; nor did he see defendant brand any of Brackett's horses. He was not present when they were branded, and he does not know who claimed the horses. Defendant was not heard to claim them. Williams received the money from Wilson at the tank.

Under such a state of facts the requested instruction should have been given. It is as follows: "Before the jury are authorized to convict defendant of theft of property recently stolen, from the fact that the stolen property was in defendant's possession (if it was ever in his possession), the possession must be recent, it must be personal, and

there must be a conscious assertion of claim to said property; and if you have a reasonable doubt of this, you will acquit the defendant."

For the errors indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.