[Crim. No. 67. Second Appellate District.—November 21, 1907.]

# THE PEOPLE, Respondent, v. GERDINE HORTON, Appellant.

CRIMINAL LAW—GRAND LARCENY—STEALING OF HORSE—SUPPORT OF VERDICT.—*Held,* that the evidence reviewed is convincingly sufficient to support a verdict of guilty of grand larceny committed by the defendant and his nephew in the stealing of a horse from a ranch where it was pastured, and selling the same under false pretenses.

ID.—POSSESSION OF STOLEN PROPERTY—INSTRUCTIONS NOT PREJUDICIAL. *Held,* that the instruction relating to the possession of stolen property by the defendant was in the main correct; and that the judgment will not be reversed for any possible error therein, when looking at the testimony it can be seen that the jury could not have been misled thereby to the prejudice of the defendant.

ID.—EXCLUSIVE POSSESSION AS A CIRCUMSTANCE—PARTICEPS CRIMINIS.— The rule that the recent possession of stolen property, unexplained, is a circumstance tending to show guilt does not require exclusive possession by the defendant in the strict sense. The rule is satisfied if the possession is exclusive as to all not *particeps criminis.* As to the latter class, the possession of one is the possession of each and all.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

H. H. Appel, for Appellant.

U. S. Webb, Attorney General, and George Beebe, Deputy Attorney General, for Respondent.

ALLEN, P. J.—Appeal by defendant from a judgment and an order denying a new trial upon a conviction of grand larceny.

That the verdict was warranted is most apparent. The evidence in the record is convincing as establishing that defendant and his nephew took the horse in question from the ranch where it was being pastured, brought it to the city of Los Angeles, and sold it for $115; that the negotiations leading up to the sale were carried on by both uncle and nephew. they claiming to be partners, and when the same were concluded, the nephew went into an office and signed a bill of sale, using a fictitious name; that the money was paid to the nephew, who went back to the buggy in which defendant was seated and drove off with him; that shortly afterward the defendant, who had before that time been without money, was seen with gold coin in his possession, and told an acquaintance that the horse in question belonged to him, and that he had sold it for $115. Defendant had during an earlier hour of the day sought to sell the horse to others and represented to a witness that the horse was one of a large band owned by him and his nephew.

Upon the trial the court charged the jury by instruction VI: "You are instructed that the mere possession of stolen property, unexplained by the defendant, however soon after the taking, is not sufficient to justify a conviction; it is a circumstance which, taken in connection with other testimony, is to determine the question of guilt. Yet, if you believe from the evidence that the defendant was found in the possession of the property described in the information, or claiming to be the owner thereof, after the alleged taking, this is a circumstance tending in some degree to show guilt, but not sufficient, standing alone and unsupported by other evidence, to warrant you in finding him guilty. There must be, in addition to proof of possession of stolen property, proof of corroborating circumstances tending of themselves to establish guilt. These corroborating circumstances may consist of acts, or conduct or declarations of the defendant, or any other circumstances tending to show the guilt of the accused. If the jury believe the property was stolen, and was seen in the possession of defendant shortly after being stolen, the failure of the defendant to account for such possession, or to show

that such possession was honestly obtained, is a circumstance tending to show his guilt, and the accused is bound to explain the possession in order to remove the effect of the possession as a circumstance to be considered in connection with other suspicious facts, if the evidence discloses any such."

By instruction IV: "Before you can convict the defendant of larceny you must believe beyond a reasonable doubt that he is guilty of or in complicity with the original fraudulent taking and any subsequent connection after the taking would not be larceny."

By instruction VII: "The possession must be personal involving a distinct and conscious assertion of possession by the accused."

The contention of counsel for appellant is that instruction VI is erroneous. This instruction, omitting therefrom the words "or claiming to be the owner thereof after the alleged taking," has so often been approved by our supreme court that it may be said to have become settled law in this state (*People* v. *Fagan,* 66 Cal. 534, [6 Pac. 394]; *People* v. *Etting,* 99 Cal. 577, [34 Pac. 237]; *People* v. *Abbott,* 101 Cal. 646, [36 Pac. 129]), and such instruction, as given with these words included, is approved in *People* v. *Velarde,* 59 Cal. 463. We think it unnecessary to a decision of this case to support the same by the authority last cited. The rule is well settled, "that judgments will be reversed for alleged errors in instructions only when, looking at the testimony, we can see that the jury may have been misled by them to the prejudice of the defendant." (*People* v. *Strong,* 46 Cal. 304.) Applying this rule, we find that the claim of ownership was made by defendant when in actual possession, or shortly after the sale in which he participated. While it may be true, as insisted by appellant, that the language employed is too broad, and that there are conditions and circumstances under which a mere claim of ownership should not in any degree tend to establish guilt, yet we are confronted with nothing in this case which would bring defendant under such an exception.

It is urged, further, that the possession of property after the taking, that it may be a circumstance tending in some degree to show guilt, must be personal and exclusive possession. The jury was instructed that the possession must be personal, but it does not follow that such personal possession must be exclusive in a strict sense. The rule is satisfied if it

be exclusive as to all not *particeps criminis;* as to the latter class the possession of one is the possession of each and all.

We find no prejudicial error in the record, and the judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.