ESOM FLOWERS AND ALBERT FLOWERS, *Plaintiffs in Error,*
v. THE STATE OF FLORIDA, *Defendant in Error.*

1. An objection that evidence was hearsay, will not avail, when the party making the remark was immediately placed upon the stand and testified thereto.

2. Upon trial of two jointly indicted the impeachment of one testifying affects his evidence as to both.

3. A charge defining larceny as a "taking and carrying" omitting the word "away" is harmless when the asportation is admitted.

4. A judgment on an information for larceny of a mortgage will not be arrested for failure to allege an acknowledgment, when an acknowledgment is not necessary to the validity of the mortgage.

5. The omission of the word dollars in stating the value of a mortgage stolen should not arrest the judgment where the identical figures with the word added is given in the information as the consideration for the mortgage.

6. The evidence supports the verdict.

This case was decided by the court En Banc.

Writ of error to the Criminal Court of Record for Walton County.

The facts in the case are stated in the opinion of the court.

*J. Walter Kehoe* and *W. T. Bludworth*, for Plaintiffs in Error;

*Park Trammell*, Attorney General, for the State.

COCKRELL, J.—Esom and Albert Flowers were jointly convicted of grand larceny in the Criminal Court of Record for Walton County, the property taken being a mortgage for $271.12 belonging to P. C. Woodruff.

From the evidence it appears that Esom Flowers approached W. T. Davis the mortgagor with a view of buying property covered by the mortgage that he could get it for $50 if he would take up the mortgage. Subsequently the two brothers entered into an arrangement with Woodruff whereby the latter was to turn over to Esom Flowers the Davis mortgage for certain additional securities and deeds to lands owned separately by the two Flowers. They met in Woodruff's store to consummate the agreements and Woodruff endorsed the mortgage to Esom Flowers, and Esom signed the deed he was to make, but

2—Vol. 59.

under the guise of wanting to read the mortgage took up both papers, quietly slipped out of the door and boarded a train just passing. As he passed out he "hunched" his brother and when the latter was asked to sign his deed, remarking he must go for a witness went out of the store and began running and neither returned and were not heard from in several weeks.

Esom Flowers took the mortgage to Davis, endorsed it over to him and getting in exchange a deed to part of the land.

Upon cross-examination of Woodruff it was elicited we do not know how that Mrs. Woodruff exclaimed "Just look at that man running," speaking of Albert Flowers—and the defense asked to have this stricken. It is urged that the remark was hearsay. We do not know what the previous question may have been—the evidence being in narrative form, but the specific objection cannot avail as immediately thereafter Mrs. Woodruff took the stand and testified that she saw Albert running away from the store.

Esom Flowers testified for the defense and was asked if he had ever been convicted of crime. It is argued that the question was not relevant as to Albert. Esom was a witness for both defendants and the answer properly went to the jury as affecting his credibility.

Upon the charges two assignments are presented. In the general definition of the crime of larceny the court used the terms "took and carried" omitting after the latter the word "away." We need indulge in no discussion of the nice distinction as the asportation is admitted.

The court charged that "all persons are principals who, are guilty of acting together in the commission of an offense, when an offense has been actually committed by one or more persons." No objection is made to the form of the charge, but it is insisted that there was no evidence

upon which it could be applied to Albert Flowers. We have stated some of the evidence and we think it might have been argued to the jury that there was a scheme between the two brothers whereby the one was to escape secretly with the property while the other remaining in pawn, as it were, and thus lulling suspicion until that escape was made effective, then himself through another ruse also escaping.

There was a motion in arrest of judgment upon most general grounds. It is argued here that the information while alleging that the mortgage was "made, executed and delivered by W. T. Davis & his wife," does not allege that it was acknowledged by either. A sufficient answer to this objection is that the mortgage may have been valid as to W. T. Davis even though there was no acknowledgment for record, and the information does not disclose that the property was the wife's separate estate or that it was a homestead, requiring for its validity the joinder of the wife and her separate acknowledgment. Platt v. Rowan, 54 Fla., 237. Moreover this objection was interposed after verdict when the mortgage had been before the court, showing proper acknowledgment.

There was a misprision in the information in that part stating the value of the property wherein it is alleged "The said mortgage then and there being the property of the said P. G. Woodruff and of the value of Two hundred seventy-one & 12-100 against the form," etc., the word Dollars being omitted. Had a motion to quash been made and the defect pointed out, the information would have been readily amended by the solicitor who drafted it without the intervention of a grand jury, and the defendants make no point at all upon the value of the property. Again in the same information in describing the consideration for the mortgage this identical amount is named *totidem verbis* with Dollars added, showing clearly

that Dollars and nothing else was intended, no other denomination being used in this country. It was not a total failure to state a crime, nor were the defendants in anywise misled or embarrassed thereby.

The only point remaining is the sufficiency of the evidence to support the verdict. There is no difficulty in sustaining the verdict as to Esom Flowers, but as to the co-defendant we would hesitate long before returning a verdict of guilty upon it, but we are not prepared to say it will not sustain the finding of the jury, supported by the action of the trial judge in refusing to disturb it.

Judgment affirmed.

WHITFIELD, C. J., and TAYLOR, COCKRELL, HOCKER and PARKHILL, J. J., concur;

SHACKLEFORD, J., absent, concurred in the opinion as prepared.