WITT *v.* STATE.

Opinion delivered June 7, 1915.

LARCENY—POSSESSION OF STOLEN GOODS—OTHER GOODS—PRESUMPTION.—
A trunk belonging to the prosecuting witness was stolen; the trunk
contained various articles, among others silk stockings which
were found in defendant's possession three weeks after the theft.
*Held,* the jury will be warranted in presuming, under the evidence,
that the defendant stole the trunk and all its contents.

Appeal from Columbia Circuit Court; *C. W. Smith,*
Judge; affirmed.

*Killgore & Joiner,* for appellant.

There was no evidence to sustain the verdict. The
guilt was not proven beyond a reasonable doubt.

*Wm. L. Moose,* Attorney General, and *Jno. P.
Streepey,* Assistant, for appellee.

The evidence is sufficient. 109 Ark. 130; *Ib.* 138.

HART, J. Mike Witt prosecutes this appeal to re-
verse a judgment of conviction against him for grand lar-
ceny.

On the evening of July 4, 1914, Idell Malone returned
from Camden to Waldo, in Columbia County, Arkansas,
on the train. She was not able to obtain a conveyance
for her trunk at that time and left it in the depot that
night. The next morning her trunk was missing and has
never been found.

She testified that the trunk was worth ten or twelve
dollars; that it had in it three dresses which were worth
about ten dollars; and six pairs of silk stockings worth
$4.75.

About three weeks after the disappearance of the
trunk appellant and his wife were arrested charged with
the theft of the trunk and its contents. During the ex-
amining trial the father of the prosecuting witness went
with appellant to his house to search for the stolen goods
and appellant opened a drawer and showed him five pairs
of silk stockings which he said he had bought in the town
of Magnolia, though he did not remember at what store
he bought them. These stockings were carried into court

and were identified by the prosecuting witness as belonging to her. She testified that she identified some of the stockings by darned places in them which she had made herself, and one pair by stains on them caused by wearing them with a pair of slippers which had faded on them. She said she bought them at Camden.

The appellant testified at the trial that he bought the stockings at a certain store in Magnolia. He denied stealing the trunk, and stated that he knew nothing whatever about it until arrested.

A clerk in the store referred to testified that the store carried stockings similar to the ones exhibited to him but said that he did not know whether the stockings had been sold to appellant.

The father of the prosecuting witness testified that at the time the stockings were found in appellant's house he asked appellant where he had bought them, and that he replied he did not know, but said that the stockings had never been worn.

At the examining trial the prosecuting witnesses also identified a pair of stockings then being worn by the wife of appellant as belonging to her.

The only ground upon which the judgment is sought to be reversed is that the evidence is not sufficient to support the verdict.

The trunk of appellant and its contents were stolen and secreted by some one. Three weeks thereafter appellant and his wife were arrested charged with the crime. At the time of the arrest, appellant's wife had on a pair of stockings which the prosecuting witness identified as her own, and as having been in her trunk at the time it was stolen. Five other pairs of silk stockings were found at the house of appellant and identified by the prosecuting witness as belonging to her, and as having been in the trunk. She identified the stockings by darned places on them and by stains on them. Appellant did not attempt to explain his possession of the stockings except by saying that he had bought them new at a certain store. To corroborate his statement, he introduced a clerk of that store, who stated that the store carried goods of a

similar quality, but stated that he did not remember whether or not he sold any stockings to the appellant. This presented a question of fact for the jury to determine as to whether appellant's claim of title was made honestly or whether it was false. If his claim of ownership by purchase from the store was untrue, this was a strong inference of his guilt; for the prosecuting witness positively identified the stockings in his possession as belonging to her and as having been in the stolen trunk. Of course, if the jury believed the testimony of the prosecuting witness they were warranted in believing that appellant stole the six pairs of stockings of the value of $4.75 from her.

Counsel for appellant contend that even if it be conceded appellant stole the stockings valued at $4.75, that the jury erred in finding appellant guilty of grand larceny. It will be remembered, however, that the prosecuting witness testified that the stockings were in a trunk along with other goods of more than the value of $10. It is evident that the person who stole the stockings stole the trunk; or at least the jury might have inferred this fact, for, as we have already seen, appellant claimed title to the goods in himself and stated that he had purchased them at a store and that they had never been worn.

On the other hand, the prosecuting witness stated that they had been worn, and that some of them had been darned by her. When we consider this fact, together with the further fact that they were found in the possession of appellant about three weeks after the trunk was stolen, we think the jury was warranted in finding that the trunk and all its contents were stolen by appellant. *Wiley* v. *State,* 92 Ark. 586; *Gunter* v. *State,* 79 Ark. 432.

It follows that the judgment must be affirmed.