Argued at Pendleton November 2, 1927, affirmed January 10, 1928.

# STATE v. C. R. HIBBERD.

(262 Pac. 950.)

**Larceny—Indictment for Larceny Should Charge Value of Each of Several Sets of Harness Stolen.**

1. Indictment for larceny of several sets of harness should allege value of each set claimed to have been stolen.

**Larceny—Names—Failure of Indictment for Larceny to Give Defendant's Christian Name Instead of Initials or to Allege Felonious Asportation or Value of Each Set of Harness Held not Fatal.**

2. Indictment charging that "C. R. Hibberd * * did then and there unlawfully take, steal, and carry away certain personal property, * * such property being five sets of harness, and of the value of $100, all contrary to the statutes," though technically defective because charging defendant by his initials only, and failing to aver that asportation of property was felonious or to show value of each set of harness, *held* sufficient to charge offense.

**Larceny—Failure to Show Larceny of All of Articles Charged in Indictment is not Fatal, if Indictment is Sufficiently Sustained to Make Out Offense Charged.**

3. Fact that an indictment for larceny, in its description of property stolen, is not sustained as to all the articles alleged to have been taken, is not fatal, if indictment is sufficiently sustained to make out the offense charged.

**Indictment and Information—Variance Between Allegations and Proof Does not Warrant Acquittal Unless Material and Prejudicial to Accused.**

4. Variance between allegations and proof in a criminal action is not ground for acquittal, unless variance is material and prejudicial to the accused.

**Larceny—Evidence Held Sufficient to Sustain Conviction for Larceny of Property of Over $35.**

5. In prosecution for larceny of five sets of harness of value of $100, evidence indicating theft of four sets of harness *held* sufficient to sustain conviction for larceny of property of value of over $35.

**Larceny—Proof of Larceny of Four Sets of Harness, Found by Jury to be Worth $40, Held not Fatal Variance Under Indictment Alleging Larceny of Five Sets of Aggregate Value of $100.**

6. Under indictment charging larceny of five sets of harness of value of $100, proof of larceny of four sets, found by jury to be of

---

1. Necessity of alleging value in indictment for larceny, see note in 2 Ann. Cas. 857. See, also, 17 R. C. L. 59.

2. Description of person by use of initials, see note in 14 L. R. A. 694. See, also, 14 R. C. L. 182.

5. See 17 R. C. L. 70.

value of $40, *held* not to involve fatal variance requiring reversal, since prosecution need not prove larceny of all of articles alleged to have been stolen.

**Larceny—Instruction Requiring Jury to Convict if They Found Defendant Took Five Sets of Harness as Charged or Any Part Thereof of Some Value Held Proper.**

7. Instruction, in prosecution for larceny of five sets of harness belonging to bank, that jury was required to convict if they found beyond a reasonable doubt that defendant took property or any portion thereof of some value, and under such circumstances jury should find value of property taken, *held* proper.

**Larceny—Under Evidence of Defendant's Possession of Several Sets of Stolen Harness, Jury Could Infer That Defendant had Stolen Other Sets Taken from Same Place at Same Time.**

8. Where proof showed defendant's possession of several sets of harness stolen from barn, jury was warranted in finding that other sets stolen at same time were also stolen by defendant.

**Larceny—Defendant's Possession of Part of Stolen Property may Determine His Guilt as to All Property Stolen.**

9. Possession of a part of stolen property of the smallest value, in connection with other circumstances, may clearly fix guilt of stealing all the property upon defendant.

**Criminal Law—Jury Determines Weight of Evidence and Need not Accept Testimony of Any Witness as Conclusive.**

10. Determination of weight of evidence and credibility of witnesses is for jury, and neither jury nor court is bound to accept testimony of any witness as conclusive.

**Criminal Law—Court, in Reviewing Conviction, is not Governed by Mere Technicalities Based on Imaginary Possibilities.**

11. Where defendant accused of crime has had benefit of able counsel in making his defense, and the protection of humane laws, court should not be governed by mere technicalities based on imaginary possibilities in reviewing conviction.

---

Criminal Law, 16 C. J., p. 929, n. 86, p. 930, n. 93, p. 936, n. 79 New.

Indictments and Informations, 31 C. J., 690, n. 53, p. 700, n. 17.
Larceny, 36 C. J., p. 810, n. 3, p. 828, n. 19, p. 857, n. 83, 86, p. 858, n. 87, 92, 7, p. 870, n. 61, p. 926, n. 10, p. 938, n. 49.

From Union: J. W. KNOWLES, Judge.

In Banc.

The defendant was convicted of the crime of larceny. The charging part of the indictment reads:

---

8. Possession of recently stolen property as evidence of larceny, see note in 12 L. R. A. (N. S.) 199. See, also, 17 R. C. L. 71.

"The said C. R. Hibberd, on the 25th day of January, 1926, in the county of Union and State of Oregon, then and there being, did then and there, unlawfully take, steal and carry away certain personal property owned by and belonging to the United States National Bank of La Grande, Oregon, said property being five sets of harness, and of the value of $100, all contrary to the statutes * * ."

The jury returned into court the following verdict (omitting venue and title):

"We, the jury in the above-entitled action, find the defendant, C. R. Hibberd, guilty of larceny, and find the value of the property stolen to be the sum of $40."

Defendant appeals.

A review of the record shows that, in December, 1926, one Ray Norval, a debtor of the United States National Bank of La Grande, in satisfaction of his indebtedness to that institution, transferred and delivered to one of its representatives the possession of his real and personal property, among which were five sets of harness covered by a chattel mortgage to the bank. Upon such transfer and delivery, the harness was stored in a barn on the premises, the door was locked, and the key delivered to the bank's representative. On or about January 25, 1927, a burglarious entry was made into the barn, and the harness therein stored was feloniously taken, stolen and carried away.

There is conflict in the testimony relating to the number of sets of harness that were actually in the barn at the time of the alleged larceny. There is testimony tending to show that one set that was turned over to the bank was thereafter, by permission of the bank's representative, turned back to Norval.

Norval says that he had six sets of harness, five of which were mortgaged, and all of which were turned over to the bank, and that he later carried away the sixth set, which had never been encumbered to the bank. There is other testimony to the effect that Norval never owned more than five sets at one time. There is also testimony to the effect that the set of harness that Norval claimed was not covered by the mortgage was an old set which his mother had given him some fourteen years prior to the date the property was delivered to the bank. However that may be, Norval, defendant's chief witness, testified, in effect, that the set of harness he took was not one of the five sets mortgaged and turned over to the bank. If this is true, there were five sets stolen. Some time after the theft, a search-warrant was issued and executed by the sheriff, who found two sets of the harness on the defendant's horses which were in the possession of his son. These two sets the sheriff took into his possession. In the execution of a second search-warrant, a half set was found concealed beneath the hay in a barn in possession of defendant's son, where the defendant had hidden it away. Under this warrant, a set was likewise taken from the basement of Norval's house, where it had been brought in the defendant's automobile and stored by Norval and defendant. The defendant's explanation of his possession was that he had loaned money to Norval and had taken the harness as security for the loan. At the trial, the defendant produced the half set that belonged with the harness found underneath the hay.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. Jo D. Cook.*

For respondent there was a brief over the names of *Mr. Carl G. Helm,* District Attorney, and *Mr. F. S. Ivanhoe,* with an oral argument by *Mr. Helm.*

BROWN, J.—The defendant contends that, because the indictment in this case alleged the larceny of five sets of harness of the collective value of $100 and the proof established the larceny of only four sets, a conviction cannot be sustained. He bases his contention upon the hypothesis that, under an indictment alleging the aggregate value of a number of articles, the state is bound to prove the larceny of all the articles as charged in order to secure a conviction. There are decisions that, under their peculiar facts, support this contention. See *McCarty* v. *State,* 1 Wash. 377 (25 Pac. 299, 22 Am. St. Rep. 152); *State* v. *Brew,* 4 Wash. 95 (29 Pac. 762, 31 Am. St. Rep. 904); *Moore* v. *State* (Tex. Cr.), 24 S. W. 900; *Reeder* v. *State,* 86 Ark. 341 (111 S. W. 272); *Commonwealth* v. *Lavery,* 101 Mass. 207.

1, 2. From a technical viewpoint, the indictment is subject to criticism. In the first place, the defendant, who appears to have a given, or Christian, name, is charged by his initials only. Second, it appears from the face of the indictment that the larceny alleged to have been committed constitutes a felony, yet there is no mention of the word "felonious" in alleging the criminal asportation of the personal property charged to have been stolen. Third, the indictment should have alleged the value of each set of harness. But,

in view of the simplified system of drawing criminal
pleadings provided by the jurisprudence of this state,
it is the judgment of the writer that no single one of
the foregoing criticisms, nor all of them combined,
constitute sufficient grounds upon which to hold this
indictment to be fatally defective. The defendant
answered to his name as set out therein. It informed
him of the nature of the charge against him. It ad-
vised the court of the nature of the cause it was called
upon to try, and it was amply sufficient to protect
the defendant against a second prosecution for the
larceny of any one or all of the five sets of harness
described therein.

This is not a case of the larceny of articles of per-
sonal property possessing some value, intermingled
with articles bearing no value. The testimony shows
that, with the exception of the set of harness de-
scribed as a "show harness," which was valued at
$30, each set was of the value of $22.50. So there
was no danger of a conviction for the larceny of ar-
ticles having no value. The indictment charges the
larceny of five articles having an aggregate value of
$100. The proof shows that each of the articles
stolen possessed value, and the verdict returned by
the jury shows that the defendant was convicted of
the larceny of property of a value greater than $35.

3, 4. The defendant claims that there was a fatal
variance between the indictment and the proof. The
fact that an indictment, in its description of property,
is not sustained as to all the articles will not be fatal
if it is sustained as to enough to make out the offense
charged. In this state if a defendant is charged with
the larceny of $100 and the proof establishes the
larceny of any amount greater than $35, the offense

of the higher grade of larceny is established. A felony has been proved. There has been no material variance. So, if a man is charged with the larceny of a band of 100 horses, and the proof shows the larceny of but 25 horses, a conviction would be sustained, the trial being regular in other respects. As bearing on this proposition, Clark's Criminal Procedure, page 388, says:

"Though it is often necessary that the number or quantity of property shall be stated, in order to meet the requirements of certainty, it is not necessary to prove the whole number or quantity, if, on the rejection of the part not proved, the offense will be complete."

So a variance between the allegations and proof in a criminal action will not be ground for acquittal, unless such variance is material and prejudicial to the accused. See Rapalje, Larceny and Kindred Offenses, § 245.

The defendant cites in support of his contention *State* v. *Kelliher,* 32 Or. 240 (50 Pac. 532). But the point before the court for decision in that case was not the point in this. In that cause the court held that an indictment for theft need not state the aggregate value of the several articles alleged to have been stolen, where the mention of each specific article is followed by an allegation of its value. The other point determined in that case was that, on a trial for larceny, in a case where the jury has returned into court a general verdict of guilty the verdict need not state the value of the property stolen, because such a verdict is equivalent to finding that the defendant stole all the articles mentioned in the indictment. The court did write something as to the

necessity for proving the matter alleged under an indictment averring a collective value, but that was not the question before the court for decision. The observation of this court relied upon by the defendant in that case was based upon the case of *Commonwealth* v. *Lavery,* 101 Mass. 207, where the court, in a discussion as to the necessity for an allegation and a finding of "value," said:

"No person, therefore, can be sentenced for stealing anything which is not both alleged in the accusation, and found by the verdict, to be of some value. * * The traverse jury, under the instructions given them, may have found the defendant guilty, solely by reason of *thinking* that the towels and handkerchiefs produced were of some value."

In the Massachusetts case, the jury was instructed:

"If it was proved that the defendant stole the articles exhibited in court, and if, on the evidence given, *or on the inspection of the articles themselves,* they found them to be of some value, it would be competent for them to find the defendant guilty."

On appeal, the instruction was held to be too broad. The Supreme Court, after reviewing the instruction, said:

"As the defendant may therefore have been convicted, without being found guilty of stealing anything which the grand jury and the traverse jury concurred in finding to be of any value, she is entitled to a new trial."

5. In the case at bar, there is no room to hold that there existed a possibility of a conviction of the crime of larceny of property without value. The value of the harness alleged to have been stolen was determined from the testimony of record, which was sufficient upon which to base a verdict. In view of the

record, this court cannot indulge in the speculation that the grand jury returned the indictment upon the theory that four sets of harness were without value and that a fifth and similar set was of the value of $100.

6. We have seen that the particular complaint made by the defendant is that the indictment states only the collective value of the five sets of harness alleged to have been stolen, and that, for this reason, before a conviction could be claimed upon the indictment, it was necessary for the prosecution to prove the larceny of all the articles alleged to have been stolen, and, further, to prove that such articles were of the value alleged in the indictment. This question has been passed upon in a number of instances by other courts. In the cause of *State* v. *Buck,* 46 Me. 531, the indictment accused the defendant of the larceny of two certain robes, of the aggregate value of $36, and, on trial, the defendant was convicted of the theft of but one robe named in the indictment, of the value of $20. With relation to the collective valuation of the robes, the court said:

"Notwithstanding only the collective value of the property alleged to have been stolen is stated in the indictment, yet, if the jury find the defendant guilty of stealing a part only of the property, and in their verdict state the value of the articles so stolen by him, judgment may be well rendered upon such verdict."

The recent case of *State* v. *Fortune,* 196 Iowa, 884 (194 N. W. 65), is an authority for the proposition that an indictment for larceny may allege the aggregate value of several articles, without any averment of the separate value thereof, and that, in such case, the prosecution need not necessarily prove the lar-

ceny of every article alleged to have been stolen. In rendering its opinion, the court said, among other things:

"We * * hold that, where an indictment for larceny states only the aggregate value of the articles alleged to have been stolen, and the evidence fails to establish the theft of all of the articles, a verdict of guilty would not fail of support for that reason, if, as in the instant case, the value of the articles stolen is established by the evidence in the amount required by the statute under which the indictment is found and the conviction had."

Again, in the case of *Flowers* v. *State,* 59 Fla. 16 (52 South. 11), the court held that, in a prosecution for the crime of larceny, where the indictment alleges certain articles to have been stolen, and avers their value in the aggregate, proof of the ownership of some of the articles as alleged, and that such articles are of sufficient value to warrant the verdict and judgment, is sufficient. See *Gandy* v. *State,* 21 Ala. App. 384 (108 South. 656); *State* v. *Thomas* (Me.), 136 Atl. 726.

We subscribe to the rule announced in the foregoing cases.

7. If our view is correct, the court did not err in instructing the jury by instructions numbered 2 and 3, as set out in appellant's brief, that if they found from the evidence, beyond a reasonable doubt, that the defendant, in the county and state at the time named in the indictment, feloniously stole, took and carried away the harness described therein, or any portion thereof of some value, the same being the property of the United States National Bank of La Grande, Oregon, it would be their duty to find the defendant guilty, and to find the value of the harness so taken.

8, 9. Neither did the court err in refusing to give the defendant's instruction that there was no proof in the case sufficient to charge the jury in the matter of the alleged taking or of the possession by the defendant of the harness found in Norval's basement and referred to in the testimony as the "show harness." There is some testimony in the record showing that this particular set of harness was one of five sets that were felonicusly taken from their place of storage on or about January 25, 1927; that thereafter the defendant was found in possession thereof, and that he claimed a lien thereon in the amount of $40. The instruction requested by defendant is clearly repugnant to the well-known principle of evidence thus stated by the authors of 8 Ency. of Ev., at page 97:

"The possession of a part of the stolen property of the smallest value, in connection with other circumstances, may clearly fix the guilt of stealing all the property upon defendant."

This proposition is sustained by *State* v. *Barker*, 64 Mo. 282; *State* v. *Beatty*, 90 Mo. 143 (2 S. W. 215); *Snowden* v. *State*, 62 Miss. 100; *People* v. *Fagan*, 66 Cal. 534 (6 Pac. 394); *People* v. *Block*, 60 Hun, 583 (15 N. Y. Supp. 229); *People* v. *Gibson*, 16 Cal. App. 347 (116 Pac. 987); *Williams* v. *State*, 102 Tex. Cr. 588 (279 S. W. 265); *Berry* v. *State*, 87 Tex. Cr. 559 (223 S. W. 212, and authorities there cited); *Witt* v. *State*, 119 Ark. 163 (177 S. W. 887).

10. It was the duty of the jury in the instant case to weigh the evidence, and to determine the credibility of the witnesses. Neither the jury nor the court was bound to accept as conclusive the testimony of any witness; 3 Thompson on Trials, § 2890.

It has been written that larceny is the most technical of all common-law felonies. This arises from the fact that, in ancient times, the higher grade of this offense was punishable capitally, and that grade was reached at what now would seem an extremely low figure as to value. See the Statute of Westminster I (A. D. 1275), Chapter 15 of which made grand larceny to consist of feloniously stealing the personal property of another, "above the value of 12 pence." For an interesting and instructive history of the origin of some of the intricacies in this offense against personal property, see 3 Stephen's History Criminal Law, p. 141.

11. In the administration of the criminal law, where it appears that the defendant has had the benefit of the assistance of able counsel in making his defense, and the protection of humane laws as well, the court should not be governed by mere technicalities, based upon imaginary possibilities. See *O'Kelly* v. *Territory of Oregon,* 1 Or. 51, at page 59.

This case is affirmed.                AFFIRMED.