Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and two counts of robbery in the first degree (§ 160.15 [1], [2]). Defendant contends that the evidence is legally insufficient to establish an essential element of the robbery counts, i.e., that he or one of his accomplices stole property, and thus it is legally insufficient with respect to those counts. He further contends that the felony murder conviction must also be reversed due to the legal insufficiency of the evidence with respect to the robbery counts. We reject those contentions.
“A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . . [clauses serious physical injury to any person who is not a participant in the crime; or . . . [i]s armed with a deadly weapon” (Penal Law § 160.15 [1], [2]). Insofar as relevant here, felony murder is committed when defendant, “[a]cting either alone or with one or more other persons, . . . commits or attempts to commit robbery . . . , and, in the course of and in furtherance of such crime or of immediate flight therefrom, he, or another participant, if there be any, causes the death of a person other than one of the participants” (§ 125.25 [3]). Contrary to defendant’s contentions, the evidence is legally sufficient to support the conviction of robbery and murder.
*1143 “It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is ‘whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial, viewed in the light most favorable to the People’ ” (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]). Here, we conclude that the evidence at trial could lead a rational person to the conclusion reached by the jury (see People v Hernandez, 79 AD3d 1683, 1683 [2010], lv denied 16 NY3d 895 [2011]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Several eyewitnesses testified that they heard the gunshots that killed the victim and observed a vehicle, which they described, drive away from the scene. Other witnesses identified defendant as the operator of that vehicle, the vehicle was found near his sister’s apartment, and defendant’s sister testified that he appeared disheveled when he arrived at her apartment shortly after the time at which the shooting occurred. An eyewitness to the shooting testified that the shooter bent over the victim immediately after the shooting, and several witnesses testified that the shooter then left in the vehicle with defendant. In addition, the victim’s girlfriend testified that, approximately 30 minutes before the shooting, she placed $40,000 in cash in a plastic grocery bag, used a distinctive double knot to close the bag, and then gave it to the victim to buy drugs. At the police station a few days after the shooting, the victim’s girlfriend identified a bag as the one that held the cash, and police officers testified that they recovered it from under the driver’s armrest of the vehicle that defendant drove from the scene. The victim’s girlfriend indicated that the bag still had the same distinctive double knot at the top, although the bottom had been torn open and the bag was empty. Photographs of the bag, which were received in evidence, depict the bag’s distinctive double knot and torn bottom.
It has long been the law in New York that evidence establishing that a defendant possessed a wrapper or container that had held property before it was stolen is sufficient to support a conviction for stealing that property (see People v Sasso, 99 AD2d 558, 559 [1984]; People v Block, 15 NYS 229, 230 [Sup Ct, Gen Term, 1st Dept 1891]; see also People v Baskerville, 60 NY2d 374, 379 [1983]). Consequently, “[t]his evidence, although circumstantial, was nevertheless more than sufficient to lead a reasonable person to conclude that defendant” or one of his accomplices stole the cash from the victim (People v Radoncic, 239 AD2d 176, 179 [1997], lv denied 90 NY2d 897 [1997]). The evidence also establishes that the victim was shot and killed while *1144 that cash was being taken from him, thus providing legally sufficient evidence with respect to the remaining elements of the charges of which defendant was convicted.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant’s further contention that the verdict is contrary to the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although an acquittal would not have been unreasonable, it cannot be said that the jury failed to give the evidence the weight it should be accorded (see generally Danielson, 9 NY3d at 348; Bleakley, 69 NY2d at 495).
All concur except Fahey and Martoche, JJ., who dissent and vote to reverse in accordance with the following memorandum.