[No. 52.  Decided November 18, 1890.]

J. C. McCARTY v. THE STATE OF WASHINGTON.

CONSTITUTIONAL LAW—INDICTMENT AND INFORMATION—LARCENY.

A person accused of grand larceny, committed prior to the admission of this state into the Union, is entitled to the guaranty of the United States constitution of presentment by a grand jury; and cannot be prosecuted therefor by information, under the provisions of the state constitution and the legislative act in pursuance thereof, authorizing proceedings by information.

An information charging defendant with taking and stealing "ninety-three railroad tickets of the aggregate value of one hundred and twenty dollars," without alleging the value of each ticket taken, and showing that they were stamped, dated and signed, does not state facts sufficient to constitute the crime of larceny.

*Appeal from Superior Court, Pierce County.*

Proceeding by information on the charge of grand larceny for the stealing of ninety-three railroad passenger tickets of the aggregate value of $120, of the chattels and property of the Northern Pacific Railroad Company. A trial was had before a jury, and a verdict returned finding defendant guilty as charged. From the judgment and sentence rendered defendant appeals to this court.

*Town & Likens,* for appellant.

These railroad tickets not having been delivered or stamped, or sold, were not of any value as railroad tickets, and consequently not a subject of larceny. As the information does not charge the stealing of a piece of paper, and even if it did it would have no intrinsic value, the demurrer should have been sustained. *People v. Loomis,* 4 Denio, 380; *Payne v. People,* 6 Johns. 103; *People v. Wiley,* 3 Hill, 194; 1 Whart. Crim. Law, § 880.

The price and value of each of the tickets should have been stated. 2 Bish. Crim. Proc., §§ 712, 732–5; Whart. Crim. Pl. & Pr., § 206; Whart. Crim. Ev., §§ 121–6; *People v. Littlefield,* 5 Cal. 355; *People v. Coon,* 45 Cal. 672; 2 Hale P. C. 182–3.

When the alleged offense was committed defendant could only be tried by indictment, and if limited to indictment he could not be tried on information. 1 Bish. Crim. Proc., § 144; *Com. v. Cheney,* 6 Mass. 347; *Twitchell v. Com.,* 7 Wall. 321; *People v. Campbell,* 2 Parker Cr. Cas. 386. Where the statute requiring an indictment is repealed, an information will not lie for an offense committed before the repeal. Rapalje, Crim. Proc., § 110; *People v. Tisdale,* 57 Cal. 104; Bish. St. Cr., § 194.

*W. H. Snell,* Prosecuting Attorney, *Charles Bedford,* and *C. E. Claypool,* for The State.

The United States guarantee an indictment by grand jury in certain cases. But this is true only so far as it applies to offenses against the United States or in trials by United States courts, and is not applicable to the state courts; and the territorial courts when trying an offense of this nature, under territorial laws, were not United States courts. *State v. Keyes,* 30 Am. Dec. 450; *Barron v. Baltimore,* 7 Pet. 243; Pom. Const. Law (Bennett Ed.), §§ 231–4; *Good v. Martin,* 95 U. S. 90; *American Ins. Co. v. Canter,* 1 Pet. 511; *Benner v. Porter,* 9 How. 235; *Clinton v. Englebrecht,* 13 Wall. 434; *Hornbuckle v. Toombs,* 18 Wall. 648; *Reynolds v. United States,* 95 U. S. 145.

A change from presentment by indictment to presentment by information is only a change in the form of procedure, and cannot come within any of the definitions of an *ex post facto* law as enunciated in *Calder v. Bull,* 3 Dall. 386. See *Kring v. State,* 107 U. S. 221, and cases cited; *Hopt v. Utah,* 110 U. S. 574; Cooley, Const. Lim., p. 272.

The opinion of the court was delivered by

DUNBAR, J.—This is a proceeding by information, on a charge of grand larceny for the stealing of ninety-three alleged railroad passenger tickets. The information alleged that "the said J. C. McCarty, on the fifteenth day of October, eighteen hundred and eighty-nine (1889), at the county of Pierce and State of Washington, and within three years prior to the filing of this information, ninety-three railroad passenger tickets of the aggregate value of one hundred and twenty dollars, of the chattels and property of the Northern Pacific Railroad Company, a corporation organized and existing under the laws of the State of New York, and doing business in the State of Washington under and by virtue of the laws of said State of Washington, a more particular description of which said railroad

passenger tickets is to the said prosecuting attorney un-known,feloniously did steal,take and carry away, contrary to the form of the statute," etc. To this information the defendant interposed a demurrer, that the information did not state facts sufficient to constitute any offense, and that there was no authority for proceeding by information.

This crime is alleged in the information to have been committed on the 15th day of October, eighteen hundred and eighty-nine. Article 1, § 25, of the constitution of the State of Washington, provides for proceedings by informa-tion. The act of the legislature authorizing proceedings by information was passed January 29, 1890. The con-stitution, by act of congress, as well as by its own terms, did not become operative until the presidential proclama-tion, which was not made until November 11, 1889, so that the date of the alleged commission of the crime antedates not only the enactment of the legislature, but also the viv-ifying of the constitution by the presidential proclamation. The defendant would have been entitled to the United States constitutional guaranty of presentment by a grand jury on the 15th day of October, 1889. Having the right at that time, it could not be taken from him by any retro-active enactment of the state, even had it been the inten-tion of the legislature to make the act retroactive in its operations. When a statute requiring an indictment is re-pealed,an information will not lie for an offense committed before the repeal. *People v. Tisdale*, 57 Cal. 104; Bishop, Statutory Crimes, 194. As tersely stated by Mr. Bishop, "The rule for the construction of penal statutes is, that they are to reach no further than their words; no person can be made subject to them by implication; and all doubts concerning their interpretation are to preponderate in favor of the accused." The effect of the adoption of the consti-tution, or admission into the union of states under that constitution, and the legislative enactment of January 29, 1890, was to repeal the law which guaranteed prosecution

for criminal offenses exclusively by indictment. The right to be presented by a grand jury is not a mere change in the proceedings of the court, which does not affect the substantial rights of the accused, and to which he cannot object; it is a constitutional guaranty which rests upon a basis more secure than acts of the legislature which relate to mere matters of procedure. We do not think the defendant can be held to answer this charge unless on presentment of a grand jury.

We are also of the opinion that the information failed to state facts sufficient to constitute the crime of larceny. It is not sufficient to charge the taking of "ninety-three railroad tickets," of an aggregate value. Especially is this true when the degree of crime and the degree of punishment is determined by the value of the property stolen. In this instance, if the proof should show that only a portion of the number of tickets alleged to have been stolen were actually stolen, it would be impossible for the court or jury to determine what degree of larceny the defendant was guilty of. The value of each ticket should have been alleged, and the information should have shown that they were genuine, effective railroad tickets, as an unstamped, undated and unsigned railroad ticket is not the subject of larceny. 1 Whart. Crim. Law, § 879; *People v. Loomis*, 4 Denio, 380. Without these qualifications the so-called railroad tickets had no more value than the intrinsic value of the paper on which they are printed, with the cost of preparing them. As this information did not charge the value of the paper it could not be proven.

It follows that the judgment must be reversed, and the case remanded to the lower court with instructions to sustain the demurrer. And it is so ordered.

ANDERS, C. J., and HOYT, STILES and SCOTT, JJ., concur.

ON PETITION FOR REHEARING.

DUNBAR, J.—The petition for rehearing in this case is not allowed; but the court desires to say, that in view of the public importance of some of the questions raised, and in view of the fact that the case was submitted without oral argument on the part of the state, that in cases arising hereafter it will not be bound by the opinion rendered in this case, on the constitutional questions involved.

ANDERS, C. J., and SCOTT, HOYT and STILES, JJ., concur.

