## REEDER v. STATE.

### Opinion delivered May 25, 1908.

1. LARCENY—GENERAL AND SPECIAL ALLEGATIONS OF QUANTITY.—Where an indictment for grand larceny alleges generally that accused stole 600 pounds of seed cotton of the value of $15, and alleges specifically that of the cotton stolen 200 pounds belonged to one, 140 pounds to another, etc., aggregating 610 pounds, the general allegation as to quantity is controlled by the special allegations, and the effect is to charge the taking of 610 pounds of cotton, of the value of $15. (Page 342.)

2. SAME—TAKING OF SEVERAL THINGS—SINGLE VALUE.—Where, in a single count of an indictment, several things are alleged to have been taken, and a single value is stated for all the goods, a conviction will be sustained if the taking of all the goods is proved. (Page 343.)

3. SAME—INSTRUCTION AS TO UNEXPLAINED POSSESSION.—It was error in a larceny case to instruct the jury that unexplained possession by the defendant of the property recently stolen is sufficient to warrant a conviction. (Page 343.)

Appeal from Clark Circuit Court; *Jacob M. Carter, Judge;* reversed.

*John E. Bradley,* for appellants.

1. The indictment is bad for duplicity. The value of each separate parcel of cotton should have been alleged.

2. The *corpus delicti* was not proved. I Hagg. Cons. Rep. 105.

3. No confession of guilt was shown. 53 Iowa, 69; 71 Conn. 293; 41 Atl. 820; 30 Tex. App. 498; 61 S. W. 16; 40 Ala. 54; 54 *Id.* 28.

4. Unexplained posession of property recently stolen is not sufficient to warrant a conviction. 83 Ark. 192.

*Wm. F. Kirby,* Attorney General and *Daniel Taylor,* Assistant for appellee.

Confesses error in this: It was error to instruct the jury that "possession of property recently stolen, unxeplained is sufficient to warrant conviction." 83 Ark. 192; 85 Ark. 138.

McCULLOCH, J. Appellant was convicted of the crime of grand larceny under an indictment containing two counts. The first count charges him with having stolen 600 pounds of seed cotton, of the value of $15, the property of J. M. Brown. The second count charges that at the same time and place he "did unlawfully and feloniously take, steal and carry away six hundred pounds of seed cotton of the value of $15, from the possession of J. M. Brown, 200 pounds of which was the property of John Morehead, 100 pounds the property of A. B. Cash, 140 pounds of which was the property of Jack Young, 50 pounds of which was the property of T. C. Pennington, 40 pounds of which was the property of John Cook, 40 pounds of which was the property of Coley McDaniel, 40 pounds of which was the property of Elias Cash, this being the same offense charged in the first count."

Appellant demurred to each count of the indictment, which was overruled, and error is assigned in said rulings.

No contention is made here as to the first count, but it is urged that the second is bad because the several amounts of cotton in which Brown is alleged to have had special ownership, when added together, make in the aggregate 610 pounds,

whereas the general allegation is that 600 pounds were stolen, and that there is repugnancy between the general and the special allegations.   There might be something in this contention if the amount set forth in the general allegation exceeded the aggregate amounts set forth in the special allegation; but, as the latter exceeded the former, and as the allegation of value refers to the lesser quantity, the general allegation as to quantity is controlled by the special allegations, and the effect is to charge the taking of 610 pounds of cotton of the value of fifteen dollars.

It is also contended that this count of the indictment is defective because it fails to set forth the separate value of each lot of cotton taken.   The rule which seems to be sustained by the adjudged cases is stated as follows:   "Where in a single count several things are alleged to have been taken, the value of each article should properly be stated separately.   If a single value has been stated for all the goods, a conviction is possible only if the taking of all the goods is proved, since, if the jury finds a part only of the goods taken, there is no value of such goods alleged.   The indictment is, however, not invalid, and if the jury finds that all the goods named were stolen, a conviction will be sustained."   25 Cyc. p. 86.

The Attorney General confesses error of the trial court in giving an instruction telling the jury that unexplained possession by the defendant of the cotton recently stolen was sufficient to warrant a conviction.

The confession is well taken.   The instruction was one on the weight of the evidence and was erroneous.   *Duckworth* v. *State,* 83 Ark. 192; *Thomas* v. *State,* 85 Ark. 138.

Reversed and remanded for a new trial.