FRANK DOVE v. THE STATE.

No. 12413. Delivered April 3, 1929.

232

The opinion states the case.

*Tom. B. Bartlett* of Marlin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for felony theft; punishment, two years in the penitentiary.

Appellant was charged with the theft of four bolts of cloth, stated in the indictment to be of the aggregate value of sixty dollars. The testimony in the case supports the proposition that the aggregate value of the property was more than sixty dollars, and that all of the property referred to in the indictment was taken.

There are many bills of exception in this record, each of which has received our careful attention, but in none of same do we find any error. The statement in the opening sentences of a confession, that the accused was warned, that he did not have to make any statement concerning the offense therein described with which he was charged, etc., sufficiently sets out that such confession related to the offense concerning which the confession was made, without any statement eo nomine of the particular crime concerning which the confession was made. In connection with his written confession, appellant made certain statements concerning some checks received by himself and his confederates for the alleged stolen property. It

was proper for the State, having found out about such checks from the confession, to secure same and offer them in evidence as pertinent circumstances supporting the confession and proving appellant's guilt. There is nothing in appellant's contention that there should be a more definite description of the property taken by attempting to describe the individual bolts of cloth, or the separate value of each. An allegation such as appears in the instant indictment, but puts the burden upon the State of proving the theft of all the property described to which is assigned an aggregate value. The authorities are well settled. The bill of exceptions complaining of the bringing into the court room of other bolts of cloth beside the four mentioned, is qualified by the court and as qualified presents no error. The same is true of the bills complaining of the argument of the county attorney. There appears on each bill a qualification to which there was no exception, which renders the bill of no avail. We think a bill of exceptions complaining that the county attorney in his argument referred to the appellant as a thief and a crook, not to show abuse. The facts in the case amply support the proposition that he was a thief, and we know of no reason why a thief is not a crook.

In his confession appellant told of going to the tailor shop from which the goods were taken, with two other negroes. While one of them engaged the proprietor in conversation, appellant said he got two bolts of the cloth, and when the one who was talking to the proprietor came out to the car, he brought other bolts. We think the transaction all one, and that the parties were principal offenders, and that the court did not err in not telling the jury that the transactions were separate, or that the punishment should be determined by the value of the property taken by one or the other. The court properly charged the law of principals.

No error appearing in this record, the judgment will be affirmed.

*Affirmed.*