## SCOTT v. UNITED STATES.
### No. 1267.

Circuit Court of Appeals, Tenth Circuit.

July 8, 1935.

Hugh B. Woodward, of Albuquerque, N. M. (Woodward & Wilson and K. Gill Shaffer, all of Albuquerque, N. M., on the brief), for appellant.

William J. Barker, U. S. Atty., of Santa Fe, N. M., for the United States.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

The indictment herein charged that Scott and others on July 31, 1934, in the District of New Mexico "unlawfully, * * * and feloniously had in their possession or custody * * * a still * * * set up and in operation, which * * * was not registered with the Collector of Internal Revenue of the aforesaid District and as required by law."

It was challenged by demurrer on the ground that it failed to allege facts constituting a crime against the United States. The demurrer was overruled, and Scott was tried, convicted and sentenced.

26 USCA § 281 (Rev. St. § 3258, 15 St. 126, 17 St. 401, 402), reads as follows:

"Every person having in his possession or custody or under his control, any still or distilling apparatus set up, shall register the same with the collector of the district in which it is, by subscribing and filing with him duplicate statements, in writing, setting forth the particular place where such still or distilling apparatus is set up, the kind of still and its cubic contents, the owner thereof, his place of residence, and the purpose for which said still or distilling apparatus has been or is intended to be

used; one of which statements shall be retained and preserved by the collector, and the other transmitted by him to the Commissioner of Internal Revenue. Stills and distilling apparatus shall be registered immediately upon their being set up. Every still or distilling apparatus not so registered, together with all personal property in the possession or custody, or under the control of such person, and found in the building, or in any yard or inclosure connected with the building in which the same may be set up, shall be forfeited. And every person having in his possession or custody, or under his control, any still or distilling apparatus set up which is not so registered, shall pay a penalty of $500, and shall be fined not less than $100, nor more than $1,000, and imprisoned for not less than one month, nor more than two years."

This section was repealed by the National Prohibition Act, 27 USCA §§ 1–89. United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043; United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358. It was re-enacted by the Act of November 23, 1921, 27 USCA, Sec. 3 (42 St. 223). United States v. Stafoff, supra.

Section 4, Act of March 3, 1927, the Prohibition Reorganization Act, 5 USCA § 281c (44 Stat. 1382) reads as follows:

"(a) The rights, privileges, powers, and duties conferred or imposed upon the Commissioner of Internal Revenue and his assistants, agents, and inspectors, by any law in respect of the taxation, importation, exportation, transportation, manufacture, production, compounding, sale, exchange, dispensing, giving away, possession, or use of beverages, intoxicating liquors, or narcotic drugs, or by Title 27, or any other law relating to the enforcement of the eighteenth amendment, are hereby transferred to, and conferred and imposed upon, the Secretary of the Treasury.

"(b) The Secretary of the Treasury is authorized to confer or impose any of such rights, privileges, powers, and duties upon the Commissioner of Prohibition, or any of the officers or employees of the Bureau of Prohibition, and to confer or impose upon the Commissioner of Internal Revenue, or any of the officers or employees of the Bureau of Internal Revenue, any of such rights, privileges, powers, and duties which, in the opinion of the Secretary,

may be necessary in connection with internal revenue taxes."

Art. 18 of Regulations No. 3 promulgated by the Prohibition Commissioner on October 1, 1927, required "proprietors, * * * distillers and all others who set up stills" to register them with the prohibition administrator: See United States v. Dibella (C. C. A. 2) 28 F.(2d) 805.

Sections 3 (a) and 5 (a) of the Prohibition Reorganization Act of 1930, 27 USCA, §§ 103 (a) and section 5 (a), as amended by Act March 31, 1933, 27 USCA § 105 (a), read as follows:

"§ 103. (a) Creation of enforcement division in Bureau of Prohibition in Treasury Department; apportionment of personnel, appropriations, records, files and property of Bureau. The Secretary of the Treasury and the Attorney General by joint regulation shall, as soon as may be after May 27, 1930, create an enforcement division in the Bureau of Prohibition in the Treasury Department and place in and apportion to such enforcement division so much of the personnel, appropriations, records, files, and property of said bureau as they shall agree upon."

"§ 105. (a) Regulations relating to permits; forms of applications, bonds, permits, records and reports; regulations relating to Bureau of Prohibition in Department of Justice. The Attorney General and the Secretary of the Treasury shall jointly prescribe all regulations under this chapter and chapter 2 relating to permits and prescriptions for liquor for medicinal purposes, and the quantities of spirituous and vinous liquor that may be prescribed for medicinal purposes, and the form of all applications, bonds, permits, records, and reports under such chapters: Provided, That all regulations relating to the Bureau of Prohibition in the Department of Justice shall be made by the Attorney General."

Art. 14 of Regulations No. 3 prescribed jointly by the Secretary of the Treasury and the Attorney General, effective April 1, 1931, in part reads as follows:

"Every person, including the proprietor of an industrial-alcohol plant, having in his possession or custody, or under his control, any still or distilling apparatus set up, except retorts for the production of wood alcohol and glass laboratory stills of small capacity, shall register the same in quadru-

plicate on Form 26 with the supervisor of the district in which set up, except where such stills have heretofore been registered and no change in ownerships, possession, custody, control, or location has occurred since such registry."

26 USCA § 281, re-enacted in 1921, was not repealed by the Prohibition Reorganization Acts of 1927 and 1930.[1]

From the foregoing it will be seen that by the 1927 act and the regulations promulgated thereunder, the duties imposed upon the Collector of Internal Revenue under section 281, supra, were conferred and imposed upon the prohibition administration. And by the 1930 act and the regulations promulgated thereunder, such duties were conferred and imposed upon the supervisor of the district.

 The indictment charged a failure to register the still with the Collector of Internal Revenue. The statutes and regulations thereunder in force on July 31, 1934, required registration with the supervisor of the district in which the still was set up. The general language in the indictment, "and as required by law," was controlled by the specific language which preceded it,[2] and was not enough to save the indictment when its sufficiency was seasonably and properly challenged.

Counsel for the United States assert that the Prohibition Reorganization Act of 1927 was repealed by the Twenty-First Amendment to the Constitution.

 The National Prohibition Act and acts supplemental thereto, to the extent their provisions rested upon the grant of authority to the Congress by the Eighteenth Amendment, became inoperative on the effective date of the Twenty-First Amendment, to-wit, December 5, 1933. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. But provisions which were within the authority of Congress to enact without the grant of authority given by the Eighteenth Amendment, remained operative.

 The Twenty-First Amendment did not affect the Internal Revenue laws.[3] The

Prohibition Reorganization Acts of 1927 and 1930, in so far as they dealt with internal revenue matters, remained operative.

We conclude the indictment failed to charge facts sufficient to constitute an offense against the United States. This view is supported by decisions of the Second and Ninth Circuits.[4]

The judgment is reversed with instructions to dismiss the indictment.

[1] United States v. Dibella (C. C. A. 2) 28 F.(2d) 805, certiorari denied 278 U. S. 658, 49 S. Ct. 187, 73 L. Ed. 566; United States v. Lecato (C. C. A. 2) 29 F.(2d) 694.

[2] State v. Farrington, 59 Minn. 147, 60 N. W. 1088, 28 L. R. A. 395; Reeder v. State, 86 Ark. 341, 111 S. W. 272; United States v. Barber, 20 App. D. C. 79.

[3] United States v. Bacon (D. C.) 7 F. Supp. 590; United States v. Anderson (D. C.) 8 F. Supp. 88; United States v. Wilson (D. C.) 9 F. Supp. 968.

[4] Silva v. United States (C. C. A. 9) 35 F.(2d) 598; United States v. Lecato (C. C. A. 2) 29 F.(2d) 694; Connley v. United States (C. C. A. 9) 46 F.(2d) 53.