Appellant moved to quash the information on the ground that is was not supported by a valid complaint and did not meet the requirements of Art. 414 of the Code of Criminal Procedure. The motion was by the Court overruled.

 Bill of Exception No. 3 certifies that upon the hearing of the motion to quash, Sheriff Elmer Clark, whose name appears as complainant upon the complaint, testified that he signed the complaint but that he was not sworn either prior to, at the time of or after signing the same.

It therefore appears that information is based upon a complaint which was not sworn to by the complainant.

Art. 415, V.A.C.C.P., provides that no information shall be presented until affidavit has been made by some credible person charging the defendant with an offense.

A complaint which is not sworn to by the complainant is of no effect and will not support a prosecution by information. 12 Tex.Jur. par. 257, page 583; Abbey v. State, 55 Tex.Cr.R. 232, 115 S.W. 1191; Sprowles v. State, 65 Tex.Cr.R. 96, 143 S.W. 622; Thomas v. State, 107 Tex.Cr.R. 593, 298 S.W. 590; Murphy v. State, 132 Tex.Cr.R. 202, 103 S.W.2d 765 and Hernandez v. State, 146 Tex.Cr.R. 196, 172 S.W.2d 696.

The judgment is reversed and the prosecution is ordered dismissed.

Opinion approved by the court.

Eular Fay ANDERSON, alias Eular Fay Landrum, Appellant,

v.

The STATE of Texas, Appellee.

No. 29782.

Court of Criminal Appeals of Texas.

June 11, 1958.

W. S. Foster, Waco, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

An appeal bond having been entered into, the appeal is reinstated.

Appellant was seen in the J. C. Penney Store in Marlin putting some kind of women's underclothes under her dress. She left the store and ran when some one called to her and tried to stop her. Some articles were seen to fall from her dress on the street. None of the property which the circumstantial evidence shows to have been removed from the Penney Store was recovered.

Mr. Cole, the manager, testified that certain merchandise was missing from the store.

While the circumstantial evidence is deemed sufficient to support a finding by the jury that appellant stole some merchandise from the Penney Store, the evidence is not sufficient to sustain a finding that the property alleged in the indictment was stolen.

We need discuss only the seven gowns.

The indictment alleged the theft of seven gowns. The proof relied upon by the State is as follows:

"Q. (to manager Cole) I believe in and around the place where this merchandise was missing, did you find any other merchandise that had been tampered with any way? A. In checking our inventory we found seven gowns missing, but we found them between the two counters. They were located on the floor.

"Q. Were they placed there by any of your employees, as far as you know? A. No, sir. They had been dropped behind these counters by someone."

"A. * * * Then the bin on the gown counter, we found the gowns behind the counter over beyond where they were supposed to be located over on top of the table."

"Q. Mr. Cole, I believe you testified something about you found seven gowns down on the floor. What was the value of those seven gowns, if you remember? A. $27.64, I believe it was, sir."

The testimony set out is all of the evidence relating to the alleged theft of seven gowns, and is insufficient to support a finding that the seven gowns found on the floor were stolen by appellant.

The indictment alleged the fraudulent taking of "thirteen (13) women's Slips; eight (8) pieces of jewelry; and seven

gowns, and five (5) brassieres of the aggregate value of over Fifty (50) Dollars."

As the indictment was drawn, it was essential that the State prove that all of the property described therein was stolen, the items not being of uniform value. See Branch's Ann.P.C., 2d Ed., Sec. 2674, citing: Thompson v. State, 43 Tex. 268; Ware v. State, 2 Tex.App. 547; Meyer v. State, 4 Tex.App. 121; Doyle v. State, 4 Tex.App. 253; Street v. State, 7 Tex.App. 5, 7; Dove v. State, 112 Tex.Cr.R. 231, 15 S.W.2d 1042.

A different question would be presented had the indictment alleged the value of the particular items alleged to have been stolen.

The evidence being insufficient to sustain the conviction, the judgment is reversed and the cause remanded.