**Zelma Jo McINTOSH, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14785.**

Court of Criminal Appeals of Oklahoma.

Oct. 14, 1970.

Red Ivy, Chickasha, for plaintiff in error.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Petit Larceny, After Former Conviction of a Felony, District Court case number 33214. Defendant was tried before a jury, found guilty, and sentenced on November 28, 1967 to a term of One Year imprisonment.

The evidence shows that an off-duty policeman employed as a floor walker at an Oklahoma City Shoe Store observed the defendant remove a shoe box from a rack and place it between her legs underneath her dress. The officer then observed the defendant leave the store without paying for the items in the shoe box. Upon leaving the store the defendant saw the officer,

started to run, and dropped the shoe box. The officer pursued the defendant, arrested her, and recovered the box of shoes that fell from beneath her dress. The shoe box was admitted into evidence as were two pairs of shoes removed from the defendant's person at the time of her arrest.

On appeal, the single authority cited by the defendant is Jones v. State, 88 Okl.Cr. 243, 202 P.2d 228, for the proposition that:

"Though defendant may be guilty, he is entitled to a fair and impartial trial and to have all incompetent testimony excluded."

It is defendant's contention that the trial court erred in admitting into evidence the prosecution's exhibits, namely the two pairs of shoes and box of shoes which fell from between her legs as she was running out of the shoe store.

We cannot accept the defendant's contention that the evidence was admitted improperly. The evidence is sufficient to show that the defendant took the box of shoes from the shelf of the store and left without paying for same. Also the two pairs of shoes removed from the purse of defendant were properly admitted into evidence and the evidence is sufficient to sustain the conclusion that defendant had removed them from the store without paying for same. Certainly these exhibits admitted into evidence are not "incompetent testimony: to be excluded under the authority of Jones v. State, supra.

Defendant also argues without citing authority that the evidence is at variance from the information which charged the theft of five pair of shoes. This Court held in Groom v. State, Okl.Cr., 419 P.2d 286:

"The test of fatal variance is whether the defendant was misled by the information and whether conviction under such information exposed him to the possibility of being later put in jeopardy again for the same offense."

See, also, Austin v. State, Okl.Cr., 419 P.2d 569; and, Sparkman v. State, 67 Okl.Cr. 245, 93 P.2d 1095.

After reviewing the record we do not find a fatal variance which misled the defendant or would subject her to being put in jeopardy again for the same offense since the number of shoes placed in evidence changes neither the nature of the offense or punishment which could be pronounced upon conviction.

We therefore conclude from a thorough review of the record before us that the defendant was afforded a fair and impartial trial without error which would justify reversal. The judgment and sentence imposed in the District Court of Oklahoma County in case number 33214, is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.