Robert Howell WILEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 62854.

Court of Criminal Appeals of Texas, En Banc.

May 26, 1982.

Hallie Gill, Houston, for appellant.

Carol S. Vance, Dist. Atty., Douglas M. O'Brien, and J. Michael Wilkinson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, DALLY and McCOR-MICK, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of felony theft; the punishment which was enhanced by a prior felony conviction is imprisonment for thirteen years.

The appellant asserts that: the evidence is insufficient to support the verdict; the court's charge is fundamentally defective; and the court erred in failing to make a determination of the voluntariness of the confession, in failing to submit to the jury an instruction on the issue of voluntariness of the confession, and in failing to instruct the jury that a witness was an accomplice witness as a matter of law.

In the indictment it is alleged that the appellant, knowing they were stolen, appropriated two shotguns, two rifles, one pistol, and three gun cases, all of the value of over two hundred dollars and under ten thousand dollars. Since only an aggregate value of these items that do not have a uniform value was alleged, several problems are presented.

The evidence fails to show the appellant appropriated the pistol. The appellant cites and relies on *Passmore v. State*, 411 S.W.2d 723 (Tex.Cr.App.1967); and *Anderson v. State*, 166 Tex.Cr.R. 337, 314 S.W.2d 603 (1958) in which the rule is applied that: "if the indictment alleges the aggregate value and not the value of each article, and the property is not necessarily of uniform value, the proof must show a theft of all the property so alleged." See also *Pitcock v. State*, 367 S.W.2d 864 (Tex.Cr.App.1963) and *Pena v. State*, 422 S.W.2d 937 (Tex.Cr. App.1968). The appellant says that since the State failed to prove the appellant appropriated the pistol and thus failed to prove that he appropriated all of the property alleged, it failed to prove its case. Although at first blush the appellant's argument seems correct, the instant case may be distinguished. For example, in *Passmore v. State*, supra, the defendant was

charged with receiving and concealing several articles of non uniform value and only the aggregate value was alleged. The State *proved only* the aggregate value of the items and failed to prove that the defendant received and concealed all of the articles alleged. The instant case is distinguishable because the State proved the value of each item allegedly appropriated; one gun had a value of $650 and another a value of $297. The indictment alleges value of over $200 and the proof shows the items appropriated to be more than $200. Therefore, the evidence is sufficient to support the allegations of the indictment and verdict. Cf. *Price v. State*, 493 S.W.2d 528 (Tex.Cr.App.1973).

Although there was no trial objection, the appellant urges the trial court committed fundamental error by charging that proof that he appropriated "two shotguns, two rifles, one pistol *or* three gun cases" is fundamental error. However, in the same paragraph the charge also required the jury to find "that the said property [appropriated by the appellant] was then and there of the value of $200 or more." When all of this paragraph in the charge is read and construed together it would not allow the jury to convict for the appropriation of only the three gun cases when their combined value was less than $200. The jury was not authorized to convict unless it also found the value of the appropriated property was over $200 so it was not authorized to convict if it believed only the gun cases which had a value of less than $200 had been appropriated. The evidence is ample to show that the appellant appropriated the two shotguns and the two rifles as well as the three gun cases and that the value of these items was more than $200.

The appellant's complaint that the court failed to make a determination of the voluntariness of the confession has now been obviated. After appellant's brief was filed in the trial court the written findings of the court concerning the voluntariness of the confession has been filed and included in the record; no error is shown. *Morgan v. State*, 516 S.W.2d 188 (Tex.Cr.App.1974).

The ground of error urging that the court erred in failing to submit to the jury the voluntariness issue of the confession is without merit. The record fails to show that there was a request to submit the issue to the jury; it also fails to show that the issue of voluntariness was raised before the jury.

The ground of error asserting that the court erred in failing to instruct the jury that a witness was an accomplice witness as a matter of law is without merit since there was no request that such an instruction be given nor an objection for the failure to give such an instruction. The omission of such a charge is not fundamental error. *McCloud v. State*, 527 S.W.2d 885 (Tex.Cr.App.1975); *Hammonds v. State*, 166 Tex.Cr.R. 499, 316 S.W.2d 423 (1958). The evidence is amply sufficient without even considering the evidence of the accomplice witness.

The judgment is affirmed.