**Rodney Dean LEHMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 383–87.

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

Clinard J. Hanby, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Cathleen C. Herasimuchuk, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellant, a former police officer with the Houston Police Department, brought appeal from a conviction for theft of property valued at more than $750.00 but less than $20,000.00. See V.T.C.A., Penal Code § 31.03, especially 31.03(e)(4)(A). Under the authority of V.T.C.A., Penal Code § 31.09, the State alleged that appellant perpetrated six incidents of theft pursuant to one scheme or continuing course of conduct and that the aggregate amount stolen was within the range mentioned above, making appellant's alleged conduct a third degree felony. A jury found appellant guilty as charged in the indictment and sentenced him to two years' confinement in the State penitentiary. The First Court of Appeals in Houston subsequently affirmed appellant's conviction in a published opinion, holding the evidence sufficient to support findings that the appellant committed four of the six thefts alleged in the indictment (appellant has never challenged the sufficiency of the evidence to support findings that the other two thefts were committed). *Lehman v. State*, 727 S.W.2d 656 (Tex.App.—Houston [1st Dist.] 1987).

We granted two grounds for review from appellant's Petition for Discretionary Review. Appellant's first claim concerns an alleged error in the jury charge. Appellant claims that the trial court erred when it authorized the jury to convict if it believed appellant had committed some, but not all, of the acts of theft alleged in the indictment. The charge authorized conviction as long as the jury believed beyond a reasonable doubt that appellant had committed "one or more" of the thefts

> pursuant to one scheme and continuing course of conduct, so long as the value of

money stolen, if any were, was more than Seven Hundred Fifty Dollars and less than Twenty Thousand Dollars.

The Court of Appeals relied on *Wiley v. State*, 632 S.W.2d 746 (Tex.Cr.App.1982) (panel opinion) to hold that the charge was not in error. Appellant claims that *Wiley* misconstrued a long line of contrary precedent which it failed to distinguish. See, e.g. *Thompson v. State*, 43 Tex. 268 (1875); *Anderson v. State*, 166 Tex.Crim. 337, 314 S.W.2d 603 (1958); *Pitcock v. State*, 367 S.W.2d 864 (Tex.Cr.App.1963); *Pena v. State*, 422 S.W.2d 937 (Tex.Cr.App.1967). We granted review to resolve the apparent discrepancy between these cases and the *Wiley* opinion. We also granted a second ground for review, since the Court of Appeals incorrectly determined that the statutorily mandated parole law charge, Art. 37.07, § 4, V.A.C.C.P., was constitutional. This holding is contrary to our subsequent *Rose v. State*, decision, 752 S.W.2d 529 (Tex.Cr.App.1988) (opinion on rehearing). (The Court of Appeals did not have the benefit of *Rose* at the time this case was decided). After performing a *Rose* harmless error analysis pursuant to the Court's recent dictates in *Arnold v. State*, 786 S.W.2d 295 (Tex.Cr.App.1990), we will affirm the judgment of the Court of Appeals.

Appellant argues that *Thompson* and its progeny stand for the proposition that a defendant should not be convicted for an offense with which he has not been charged. According to this line of reasoning, if a defendant is charged with stealing "widgets A, B, and C", he must be convicted of stealing "widgets A, B, and C", and not for the "different" offense of stealing widgets A and B. On the other hand, the State argues that the offense charged in theft cases is theft of property valued within a certain range, with the seriousness of the offense corresponding to the statutory range into which the property's value falls. Admitting that the property must be generally described in the indictment and that conforming evidence must be adduced, the State nevertheless maintains that it need not show that the accused stole *every* piece of property described in the indictment in order to secure a valid conviction. Rather, it must prove theft of property described in the indictment in an amount sufficient to satisfy the jurisdictional requirement of its pleading. According to this theory, if a defendant is charged with stealing "A, B, and C, widgets of an aggregate value greater than $750.00 but less than $20,-000.00", the State need only prove that defendant stole widgets worth between $750.00 and $20,000.00 from among widgets A, B, and C.

We believe the State's theory is built upon the stronger foundation. The purpose of an indictment is "to give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment"; an indictment must also be specific enough to "enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense." Arts. 21.11, 21.04, V.A.C.C.P. For these reasons, a theft conviction can never rest in whole or in part upon theft of property not alleged in the indictment as stolen. *Wilson v. State*, 536 S.W.2d 375, 377 (Tex.Cr.App.1976). However, once the defendant has been given proper notice that he must prepare to defend himself against a charge that he has stolen a certain "bundle" of property, there is no reason that he should be acquitted if the evidence shows him guilty of stealing enough of the "bundle" to make him guilty of the offense charged.[1] The State is allowed to anticipate variances in the proof by pleading alternative "manner and means" in the conjunctive when proof of any one "manner or means" will support a guilty verdict. See *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Cr.App.1981) (panel opinion); *Aguirre v. State*, 732 S.W.2d 320, 326 (Tex.Cr.App. 1982) (opinion on rehearing). Likewise, the State should be allowed to plead all proper-

---

1. The line of authority in favor of appellant's variance theory predates *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which barred retrial after an appellate finding of insufficient evidence. This advance in double jeopardy law has contributed to the obsolescence of the hypertechnical variance theory found in the *Thompson* case line.

ty which the evidence may ultimately prove stolen without thereby being required to prove theft of any larger quantum of property than the statute at issue requires.[2]

Twentieth Century case law from around the United States has generally supported this position. E.g. *State v. Hullum,* 664 S.W.2d 314 (Tenn.Crim.App.1983) (indictment charged defendant with theft of a beer and a sum of money, which together was alleged to carry an aggregate value under $200.00; the proof showed that defendant had in fact paid for the beer. The variance was not material because it was not of such a character as would mislead the defendant at trial or otherwise prejudice him); *Owens v. State,* 255 Ind. 693, 266 N.E.2d 612 (1971) (indictment alleged theft of several items of clothing, but evidence that one of them was stolen was sufficient to support the judgment); *McIntosh v. State,* 476 P.2d 92 (Okla.Crim.App. 1970) (the information alleged theft of five pairs of shoes; proof showing three pairs stolen did not give rise to a fatal variance since defendant was not misled by the information, nor would it later expose him to double jeopardy based on the same offense); *State v. Hibberd,* 123 Or. 490, 262 P. 950 (1928) (allegation that five sets of harnesses with a collective value of $100 were stolen; instruction allowing conviction if less than five were stolen was not error since it still required the jury to find all elements of the offense charged); *State v. Daniels,* 5 Or.App. 86, 482 P.2d 756 (1971); *Sizemore v. State,* 5 Md.App. 507, 248 A.2d 417 (1968); *State v. Bige,* 198 Iowa 573, 198 N.W. 510 (1924). Cases which always require the State to prove the theft of each item alleged stolen in a charging instrument are predominantly from the nineteenth century. E.g. *McCarty v. State,* 1 Wash. 377, 25 P. 299 (1890); *State v. Brew,* 4 Wash. 95, 29 P. 762 (1892); *Reeder v. State,* 86 Ark. 341, 111 S.W. 272 (1908). See generally 52A C.J.S. *Larceny,* § 98 (1968).

■ The court's instruction in this case also comports with a great deal of Texas law. The instruction recognizes the Legislature's intent to treat an aggregated theft under § 31.09 as *one* offense, an intent which is latent in the statute itself but expressly declared by this Court when we disallowed severance of a § 31.09 theft into its constituent larcenies. *Wages v. State,* 573 S.W.2d 804 (Tex.Cr.App.1978) (panel opinion). Several cases from the First Court of Appeals (besides the lower court opinion in *Lehman* ) apply the one offense policy in an identical context to this case, holding that the State need not prove each constituent theft of an aggregated theft allegation pursuant to § 31.09, V.T.C.A., Penal Code as long as it demonstrates that enough of the property from the indictment was stolen to satisfy the aggregate value allegation. *Cooper v. State,* 707 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986, pet.ref'd); *Johnson v. State,* 734 S.W.2d 199, 206 (Tex.App.—Houston [1st Dist.] 1987, pet.ref'd). Another Court of Appeals came to a similar holding, but stressed that it was authorizing the charge on the ground that it required the jury to find that the defendant had committed at least two of the constituent thefts before authorizing conviction under § 31.09. *Cashion v. State,* 657 S.W.2d 517, 520 (Tex. App.—Corpus Christi 1983, pet.ref'd).

Other cases demonstrate similar principles in analogous situations. When, for example, the State alleged that four cattle of a particular description were stolen and the proof showed that *one* such animal had been taken, this Court held the evidence sufficient to support the conviction since

**2.** Appellant argues that such a holding will unfairly allow the State to "throw mud at the defendant" hoping that if enough is thrown, "some of it will stick." We find this argument unpersuasive. A prosecutor is not free to put unfounded allegations in an indictment in the hope that a plenitude of accusations will make the defendant look like a criminal. Rule 3.09 of the Texas Disciplinary Rules of Professional Conduct require him to "refrain from prosecut- ing or threatening to prosecute a charge that [he] knows is not supported by probable cause." We also note that Texas, unlike some other states, also limits the power of a felony prosecutor by requiring a grand jury to screen all felony charges unless the defendant waives his right to indictment. See generally Chaps. 20 and 21, V.A.C.C.P. and LaFave & Israel, *Criminal Procedure,* 5th Ed. (West 1985), § 8.1.

theft of the one animal constituted the same offense as theft of all four would have. *Cook v. State*, 488 S.W.2d 822 (Tex. Cr.App.1972). Similarly, several cases have held that when the State alleges an exact value for stolen property, it need not prove the exact value pled, but must only prove a value sufficient to satisfy the jurisdictional requirement of the State's pleading. E.g. *Sowders v. State*, 693 S.W.2d 448, 450 (Tex.Cr.App.1985); *Nitcholas v. State*, 524 S.W.2d 689, 691 (Tex.Cr.App. 1975).

The *Thompson* line of cases cited in appellant's brief is a rather confusing litany which predates V.T.C.A., Penal Code § 31.09. In *Thompson* itself, the apparent genesis of the line of authority, the defendant was accused of stealing four barrow hogs and two sow hogs, all from the same complainant. *Thompson*, 43 Tex. at 269. The aggregate value of the stolen hogs was alleged as $30.00 in the indictment; no allegation of the individual values was made. *Id.* Because the general verdict of "guilty" was equivalent to a finding that everything properly charged in the indictment was true, *Id.* at 272, the Supreme Court reversed the case since the evidence to support the theft of the two sows was "altogether insufficient." *Id.* That this was the actual and only holding of the court is made clear by its use of the phrase "we think the application for a new trial should have been granted, because the verdict is not warranted by the evidence." *Id.* at 271. However, the Court, apparently attempting to further instruct the trial court and the bar, addressed three other legal issues not essential to its decision. One of these discussions concerned what the State must prove when it alleges a theft of several items while providing only an aggregate value for the items in the indictment.

> ... if there is a failure in the proof of the larceny of some of them, a general

verdict would not be justified by the evidence or warrant a judgment, because in such case the indictment would not show the value of the articles proved to have been stolen or the grade of offense of which the defendant should be adjudged guilty.

*Id.* Although this statement appears to be saying that a failure in proof would result in a reversal because of a variance between proof and indictment, the quotation is confusing because it blurs the variance concept with the related but distinct notion of insufficient evidence. The Court's concern, apparently, was that a defendant may be charged with and convicted of theft carrying one gradation or punishment range when the evidence only supports conviction for some lower grade of theft.[3] Such a deduction is indicated by the Court's predicating the necessity of alleging the value of the property stolen in a larceny indictment upon the need to inform the accused whether he is charged with petit or grand larceny. *Id.* At any rate, the statement quoted above is mere dictum since the Court immediately states "... we do not think the motion to arrest the judgment on this ground should have been sustained." *Id.*

This is the kind of shifting sand on which appellant's entire line of authority is built. The next case appellant cites is *Anderson v. State*, 166 Tex.Crim. 337, 314 S.W.2d 603 (1958). In that case, the defendant was charged with the fraudulent taking of thirteen women's slips, eight pieces of jewelry, five brassieres, and seven gowns, "of the aggregate value of over Fifty (50) dollars." *Id.* at 604–605. Because the evidence was insufficient to show the gowns stolen, the judgment was reversed for insufficiency of the evidence to prove the offense as alleged in the indictment.

> As the indictment was drawn, it was essential that the State prove that all of the property described therein was stolen, the items not being of uniform value.

---

3. See also *Duren v. State*, 15 Tex.App. 626 (1886). In that case, the old Texas Court of Appeals expressed a similar concern. *Duren* itself was affirmed despite the fact that the allegation charged theft of 200 lbs. of seed cotton with an aggregate value of $6.00 and the evidence showed that 75 lbs. of cotton with an aggregate value of $3.00 had been stolen. The court believed that the variances in unit and aggregate values were immaterial, since the offense charged and the offense proven were both misdemeanor theft.

See Branch's Ann.P.C., 2d Ed., Sec. 2674, citing *Ware v. State*, 2 Tex.App. 547; *Meyer v. State*, 4 Tex.App. 121; *Doyle v. State*, 4 Tex.App. 253; *Street v. State*, 7 Tex.App. 5, 7; *Dove v. State*, 112 Tex. Cr.R. 231, 15 S.W.2d 1042 [1929].
A different question would be presented had the indictment alleged the value of the particular items alleged to have been stolen.

*Anderson*, 314 S.W.2d at 605. No reasoning is presented to support the legal conclusion; the decision rests solely on the abundance of the authorities cited. In spite of the court's reliance on these cases, however, none of them had actually *held* what Branch's Annotations say they had held.[4] *Anderson* itself was the first case to enshrine the principle above into the jurisprudence of this State in a holding—and it did so without citing any valid authority or providing any policy justifications.

The final two cases in appellant's line add little meat to the barebones *Anderson* opinion. *Pitcock* simply repeats *Anderson's* conclusion with no additional discussion or citation of authority. *Pitcock*, 367 S.W.2d at 865. *Pena*, like the cases cited in the preceding footnote, is not on point. The dicta repeating the principle from *Pitcock* and *Anderson* was not material to the Court's decision. There was no dispute as to whether the evidence showed that all the items mentioned in the indictment were stolen; the point at issue in *Pena* was whether all of the items taken were taken *at or about the same time* so as to permit the aggregation of the individual misdemeanor thefts into one felony theft under the old Penal Code in effect at that time. *Pena*, 422 S.W.2d at 939.

*Wiley* upheld a jury charge which authorized the jury to convict if it believed the defendant had stolen enough property to satisfy the jurisdictional requirement of the court (but less than all the property named in the indictment). *Wiley*, 632 S.W.2d at 748. The *Wiley* opinion attempted to distinguish the *Thompson* line of cases by attributing the reversals in those cases to the State's failure to prove the value of the property shown stolen by the evidence. *Id.* While we agree with the result in *Wiley*, that decision misunderstood the rationale for the principle from *Thompson* and its progeny. An examination of *Anderson* or *Pitcock* does not reveal whether the respective values of the property stolen in these

---

4. As demonstrated above, the proposition that the State must prove the theft of all items alleged stolen in an indictment when only an aggregate value for the property is alleged was only *dicta* in *Thompson*.

The only question presented in *Ware* was whether the allegations in the indictment were sufficiently descriptive of the stolen property so as to avert a holding that the indictment was fundamentally defective. *Ware*, 2 Tex.App. at 547–548 (1877). The court held that the allegations were sufficient in all respects; this included a holding that alleging only a collective value for a list of objects stolen does not render an indictment fundamentally defective. *Id.* at 548. The court also noted in passing that "to convict on this kind of indictment, the evidence must show all property stolen", citing the *Thompson* case, but nothing of this sort was at issue in *Ware*.

The *Meyer* court again repeats the proposition that each item alleged stolen must be proven, but it does not rest its judgment on this principle. *Meyer*, 4 Tex.App. at 122 (1878). Instead, the case is reversed because it was not shown that the items proven stolen were of the requisite value or were of any value at all. *Id.*

In *Doyle*, the case was reversed because there was no filing of any part of the transcript with the court. *Doyle*, 4 Tex.App. at 253 (1878). Language echoing the principle in question from *Thompson* was again mere dicta.

*Street*, 7 Tex.App. 5 (1879), was a malicious mischief case. In that case, the court held that the State did not have to prove the destruction of all of the hogs alleged destroyed in the indictment. *Id.* at 8. Instead, the State only had to prove that one or more hogs were destroyed and that the amount of injury done to the owner was of an amount sufficient to meet the requirements of the malicious mischief statute. *Id.* The *Thompson* dicta was mentioned only to contrast the supposed rule for theft cases with the *Street* holding.

The final case cited, *Dove*, 112 Tex.Cr.R. 231, 15 S.W.2d 1042 (1929), affirmed a finding that four bolts of cloth carrying an aggregate value of at least $60 had been stolen. Judge Lattimore, writing for the Court, opined "[a]n allegation such as appears in the instant indictment, but puts the burden upon the state of proving the theft of all the property described to which is assigned an aggregate value." (sic) *Id.* This statement, like the others, is again mere dictum, since the defendant's contention was that there should have been a more definite description of the bolts of cloth in the indictment. *Id.*

cases were proven. In order to hold to the rule proclaimed today, we overrule any language to the contrary in *Anderson, Pitcock, Thompson, Pena,* or any other case in *Thompson's* line. Appellant's first ground for review is overruled.

We now turn to an examination of appellant's other ground for review. As stated above, our *Rose* holding mandates that the giving of the statutory parole law charge was error. We must now perform an *Arnold* analysis to determine whether this error was harmful. See *Arnold v. State,* 784 S.W.2d 372 (Tex.Cr.App.1990).

We find absolutely *no* indication that the jury took the parole laws into account when setting appellant's sentence. Given the fact that appellant received the minimum punishment for his crime (short of probation), considering that there was no mention of parole laws during voir dire or argument of counsel, and recognizing the absence of any note from the jury asking a parole related question, we find beyond a reasonable doubt that the parole law made no contribution to appellant's punishment.

The judgment of the Court of Appeals is affirmed.

McCORMICK, P.J., joins that part of the opinion dealing with appellant's first claim but concurs only in the result reached in the disposition of ground of error number two.

CLINTON, J., concurs in the result.

TEAGUE, J., joins that part of the opinion dealing with appellant's first claim but dissents to the result reached in the disposition of ground of error number two.