TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00724-CR







Roland Reed Bohnet II, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 45,183, HONORABLE OLIVER KELLEY, JUDGE PRESIDING







 A jury found appellant, Roland Reed Bohnet II, guilty of capital murder. See Tex. Penal
Code Ann. § 19.03(a)(8) (West 1994). The State having elected not to seek the death penalty, the trial
court assessed punishment at life imprisonment. See Tex. Penal Code Ann. § 12.31(a) (West 1994); Tex.
Code Crim. Proc. Ann. art. 37.071, § 1 (West Supp. 1997). In three points of error, appellant contends
that (1) the trial court erred in refusing to instruct the jury on lesser included offenses of manslaughter and
criminally negligent homicide; and (2) his trial counsel rendered ineffective assistance. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND

 On February 6, 1995, appellant had neighbors call 911 to report that his infant son
Alexander was not breathing. The infant was rushed to the hospital, where he died as a result of head
injuries. After it was determined that the child's injuries were not accidental, appellant was arrested for
Alexander's murder. 

 A Bell County grand jury returned an indictment charging appellant with capital murder of
a child younger than six years of age. See Tex. Penal Code Ann. §§ 19.02(b)(1), 19.03(a)(8) (West
1994). The indictment specifically alleged that:


 Ronald Reed Bohnet, II . . . [did] . . . intentionally and knowingly cause the death of an
individual under six years of age, namely Alexander Reed Bohnet, by then and there
striking the said Alexander Reed Bohnet in the head with his fist, with his hand, and with
an object unknown to the grand jury, and by striking the head of Alexander Reed Bohnet
against an object unknown to the grand jury against the peace and dignity of the State.


 Appellant was tried before a jury. At the conclusion of evidence, appellant requested that
the trial court include jury charge instructions on the lesser included offenses of manslaughter and criminally
negligent homicide. The court refused to include the instructions in the charge. The jury returned a verdict
finding appellant guilty of capital murder, and appellant was sentenced by the trial court to life in prison.


DISCUSSION

 In his first two points of error, appellant contends the trial court erred in refusing to instruct
the jury on the lesser included offenses of manslaughter and criminally negligent homicide because evidence
was presented at trial that Alexander's death resulted from appellant's reckless or negligent "shaking" of
him. (1)

 Under the Code of Criminal Procedure, an offense is a lesser-included offense if:

 (1) it is established by proof of the same or less than all of the facts required to establish the
commission of the offense charged;


 (2) it differs from the offense charged only in the respect that a less serious injury or risk
of injury to the same person, property, or public interest suffices to establish its
commission;


 (3) it differs from the offense charged only in the respect that a less culpable mental state
suffices to establish its commission; or


 (4) it consists of an attempt to commit the offense charged or an otherwise included
offense.


Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981).

 When deciding whether to submit an instruction on a lesser-included offense, the trial court
employs a two-step analysis set forth in Royster v. State, 622 S.W.2d 442 (Tex. Crim. App. 1975). The
first prong of the Royster test requires that the lesser-included offense be within the proof necessary to
establish the offense charged. Id. at 446. The second prong requires that the record contain "some
evidence" that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the
lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert. denied, 510 U.S.
919 (1993) (clarifying Royster as to the rational findings of the jury). The determination of whether an act
bears such a relationship to the offense charged as to constitute a lesser-included offense must be made
on a case-by-case basis, because a lesser-included offense is defined in terms of the facts of the case as
well as the terms of the offense charged. Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981); Livingston
v. State, 739 S.W.2d 311, 336 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1210 (1988); Ex parte
McClelland, 588 S.W.2d 957, 959 (Tex. Crim. App. 1979). Whether appellant was entitled to the
instructions he requested on lesser-included offenses is controlled by the first prong of the Royster test:
whether the elements of manslaughter and criminally negligent homicide are included in the elements of the
offense originally charged by the specific language of the indictment. We hold they are not under the facts
of this case.

 At appellant's urging, our analysis focuses on the applicability of article 37.09(1). The
court of criminal appeals recently discussed subparagraph (1) of article 37.09 in Jacob v. State, 892
S.W.2d 905 (Tex. Crim. App. 1995). The court held that the "facts required" language of article 37.09(1)
refers to the evidence legally required to prove guilt as defined by the specific indictment:


 The constitutional validity of Article 37.09 rests in part on its reference to the offense
charged and to the restricted or reduced culpability of the lesser included offense as
compared to the offense charged. Otherwise a defendant could be convicted of offenses
not subsumed in the charged offense but shown by the evidence presented. This is why
the lesser included offense is defined with reference to the facts "required" to establish the
charged offense rather than to facts presented at trial.


Id. at 908 (citations omitted).

 In the present case, the "facts required to establish" that appellant committed capital
murder, i.e. the elements of the offense actually charged in the indictment, are that (1) appellant intentionally
and knowingly (2) caused the death of an individual (3) under six years of age (4) by striking the head of
the victim with his fist, hand, or unknown object, or against an unknown object. (2) The State was not
required to plead the precise way in which appellant caused Alexander's death. Indeed, an indictment
simply charging that appellant intentionally and knowingly caused Alexander's death "in a manner unknown
to the grand jury" would (with appropriate proof at trial) have been sufficient to allege the charged offense
and provide adequate notice. See Hicks v. State, 860 S.W.2d 419, 424 (Tex. Crim. App. 1993); Tidow
v. State, 916 S.W.2d 623, 629 (Tex. App.--Fort Worth 1996, no pet.). By including a more specific
description in the indictment, however, the State undertook the burden of proving these specific allegations
to obtain a conviction. Thus, the specific allegations in the indictment became "facts required to establish
the charged offense." See Wray v. State, 711 S.W.2d 631, 633 (Tex. Crim. App. 1986); Windham v.
State, 638 S.W.2d 486, 487-88 (Tex. Crim. App. 1982) (when an indictment alleges a specific means
of committing a homicide, the State has the burden of proving that allegation); see also Burrell v. State,
526 S.W.2d 799, 802-03 (Tex. Crim. App. 1975). Accordingly, had the evidence shown only that
Alexander's death was the result of appellant's reckless or negligent shaking of the baby, appellant would
have been entitled to a directed verdict of acquittal because the State would have failed to prove the
elements of the crime as charged in the indictment. See Doyle v. State, 661 S.W.2d 726, 729 (Tex. Crim.
App. 1983); Moore v. State, 531 S.W.2d 140, 142 (Tex. Crim. App. 1976).

 Appellant contends that, because evidence was presented at trial that his reckless or
negligent shaking caused Alexander's death, he was entitled to jury instructions on the lesser included
offenses of manslaughter and criminally negligent homicide. However, appellant's shaking of Alexander
was not a required element of the offense charged in the indictment; rather, it was merely a fact that was
presented at trial by appellant. If the trial court had included an instruction on manslaughter or criminally
negligent homicide as a result of evidence having been presented at trial that appellant recklessly or
negligently shook his son, the effect would have been to require the State to prove facts not alleged in the
indictment and not essential to a conviction. Such an instruction would be contrary to article 37.09(1),
because under that statute a lesser-included offense must be established by less or the same proof of facts
required to establish the charged offense, not additional, unalleged matters presented at trial. For appellant
to have been entitled to instructions on the lesser-included offenses of manslaughter and criminally negligent
homicide under the indictment in the present case, there had to be some evidence that he either recklessly
or negligently struck Alexander in the head with his fist, hand, or other unknown object, not simply that he
recklessly or negligently shook the child. See Rousseau, 855 S.W.2d at 672-73. Neither appellant nor
the State, however, produced any evidence that appellant either recklessly or negligently struck Alexander.

 The indictment returned against appellant charged him with capital murder for striking
Alexander's head with some object or striking his head against some object. That is the only crime for
which he was tried. Based on the evidence presented, including manslaughter or criminally negligent
homicide in the jury charge would have allowed the jury to convict appellant of a crime for which he was
not indicted and would misinterpret article 37.09(1). We overrule points of error one and two.

 In his third point of error, appellant contends he was denied reasonably effective assistance
of counsel. Specifically, appellant claims he received ineffective assistance of counsel when his trial counsel
failed to: (1) object to questions directed to appellant's wife on cross-examination; (2) object to extrinsic
evidence from the State's rebuttal witness; (3) object to the State's interjection of prejudicial matters during
cross-examination of certain defense witnesses; and (4) provide any case law in support of the inclusion
of instructions in the jury charge on manslaughter and criminally negligent homicide.

 In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court
held that, to show ineffective assistance of counsel, a convicted defendant must first show that counsel's
performance was deficient, i.e., that counsel's performance fell below a minimum objective level of
reasonableness. The defendant must also show prejudice, i.e., that but for counsel's unprofessional errors,
the result of the proceeding would have been different. Id. at 686. Unless a defendant makes both
showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that
renders the result unreliable. Id. at 687. Texas adopted this test in Hernandez v. State, 726 S.W.2d 53
(Tex. Crim. App. 1986). See also O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992,
no pet.).

 In determining whether counsel's trial performance was deficient, judicial scrutiny must be
highly deferential. A reviewing court must indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. An ineffectiveness-of-counsel claim cannot be demonstrated by isolating one portion of counsel's representation, but instead must
be judged on the totality of the representation. Strickland, 466 U.S. at 670; McFarland v. State, 845
S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 (1993).

 Appellant has the burden of proving ineffective assistance of counsel. He has not brought
to this Court any evidentiary record showing the reasons for his attorney's actions, and we can only
speculate on trial counsel's strategy. Due to the absence of evidence concerning counsel's reasons--or
lack thereof--for his actions, we are unable to conclude that his performance was deficient. See Jackson
v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As previously discussed, in accordance with
Strickland, we must presume that appellant's counsel was better positioned than this Court to judge the
practicalities of the particular case and that he made all significant decisions in the exercise of reasonable
professional judgment. See Delrio v. State, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992). In the
absence of evidence demonstrating the reasons for counsel's actions, the record in the instant case does
not rebut the presumption of effectiveness afforded trial counsel's decisions. See Jackson, 877 S.W.2d
at 772 (Baird, J., concurring).

 In any event, even assuming appellant's trial counsel's actions were error, we conclude that
appellant has not met his burden of showing that the decision reached by the jury would have been different
absent the alleged errors of appellant's trial counsel. See Strickland, 466 U.S. at 686. Considering the
totality of the evidence before the jury, we hold that appellant's trial counsel's alleged errors are not such
as to undermine our confidence in the outcome of appellant's trial and render the result unreliable. See
Strickland, 466 U.S. at 687; Shaw v. State, 874 S.W.2d 115, 119-20 (Tex. App.--Austin 1994, pet.
ref'd). We overrule point of error three.


CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of conviction.



 __________________________________________

 J. Woodfin Jones, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: January 23, 1997

Publish

1. The State claims that appellant did not preserve his complaint on the manslaughter instruction for
appellate review. Although appellant simply requested the court to include an instruction on manslaughter,
we conclude that it was sufficient, under the record in this case, to call the court's attention to the claimed
omission in the proposed charge. See Tex. Code Crim. Proc. Ann. art. 36.15 (West Supp. 1997);
Chapman v. State, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996); Stone v. State, 703 S.W.2d 652,
655 (Tex. Crim. App. 1986); Stiles v. State, 520 S.W.2d 894, 896-97 (Tex. Crim. App. 1975). 

 The State also contends that appellant did not object to the omission of these instructions from the
charge. See Tex. Code Crim. Proc. Ann. art. 36.14 (West Supp. 1997). The record shows, however,
that appellant did obtain a ruling from the trial court on his requests, even though an objection is not
required to preserve error on a requested special jury instruction. See Vasquez v. State, 919 S.W.2d 433,
435 (Tex. Crim. App. 1996).
2. Although the indictment was phrased in the conjunctive, the State is allowed to anticipate variances
in the proof by pleading alternative "manner and means" in the conjunctive when proof of any one theory
of the offense will support a guilty verdict. Lehman v. State, 792 S.W.2d 82, 84-85 (Tex. Crim. App.
1990). When the State pleads alternate theories of the same offense, it is not required to prove guilt under
all of the theories alleged; proof of guilt under one theory of the offense will suffice for conviction. Id. 


istance. Strickland, 466 U.S. at 689. An ineffectiveness-of-counsel claim cannot be demonstrated by isolating one portion of counsel's representation, but instead must
be judged on the totality of the representation. Strickland, 466 U.S. at 670; McFarland v. State, 845
S.W.2d 824, 843 (Tex. Crim. App. 1992), cert. den